Starr, Appellant, *v.* Starr, Appellee.

(No. CA84-08-025 — Decided July 31, 1985.)

*Dennis B. Ehrie Co., L.P.A.,* and *Dennis B. Ehrie,* for appellant.

*David H. Jackman,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County. Appellant, Sonja J. Starr, and ap-

pellee, John C. Starr, were married on May 18, 1973. Two children were born as issue of this marriage. Due to irreconcilable differences arising between the parties, they signed a separation agreement and dissolution petition on May 17, 1979, at the office of attorney Robert D. Woods.

On June 7, 1979, the court of common pleas conducted a hearing on the dissolution. Woods testified that both parties at this hearing elected to proceed with the dissolution on that date, after being advised that the thirty-day waiting period prescribed by R.C. 3105.64 had not been met. The court entry dissolving the marriage was filed on June 7, 1979.

On August 4, 1983, appellant filed a complaint seeking a declaratory judgment that the judgment entry of June 7, 1979 was and remains void due to failure of the court below to comply with the waiting requirements of R.C. 3105.64. On July 13, 1984, the trial court held that appellant was not entitled to the relief sought. An appeal to this court was timely filed and appellant now raises three assignments of error.

Appellant's first assignment of error is as follows:

"The trial court erred in failing to make the specific finding that the time requirements of Ohio Rev. Code Sec. 3105.64 were not expressly followed in the granting of the parties' dissolution of marriage."

R.C. 3105.64 states:

"Not less than thirty nor more than ninety days after the filing of a petition for dissolution of marriage, both spouses shall appear before the court and each spouse shall acknowledge under oath that he has voluntarily entered into the separation agreement appended to the petition, that he is satisfied with its terms, and that he seeks dissolution of the marriage."

Appellant's argument under this assignment is without merit due to the fact that the petition for dissolution of marriage which was filed on May 17, 1979, and a copy of the final judgment entry which was filed on June 7, 1979, were both admitted into evidence without objection, thereby showing that R.C. 3105.64 was not expressly followed. Accordingly, appellant's first assignment of error is not well-taken.

Appellant's second assignment of error reads:

"The trial court erred in failing to find that the time requirements of Ohio Rev. Code Sec. 3105.64 are mandatory."

Appellant argues that the R.C. 3105.64 thirty-day waiting period is mandatory, and therefore failure to wait thirty days prior to conducting a hearing on the dissolution was jurisdictionally fatal, thereby rendering the dissolution judgment void.

Jurisdiction was acquired by the trial court in the case *sub judice* when both parties (1) petitioned the court for dissolution pursuant to R.C. 3105.61, (2) waived service of summons according to Civ. R. 4(D), and (3) met the requirements of showing six months of residency in the properly venued county. As the court stated in *In re Murphy* (1983), 10 Ohio App. 3d 134, 137, fn. 4:

"* * * The procedure for dissolution of marriage is one of the few instances in litigation when the jurisdiction and power of the court is invoked by an agreement of the parties, subject only to the residential requirement of R.C. 3105.62."

If there had been lack of jurisdiction over the parties or subject matter, the action taken by the trial court would have been void, and could be attacked collaterally as well as directly. However, failure to comply with the thirty-day waiting period does not have the effect of ousting jurisdiction, but rather is a mistake or irregularity in the exercise of jurisdiction. *Jackson City Bank & Trust*

*Co.* v. *Fredrick* (1935), 271 Mich. 538, 260 N.W. 908.

Although the dissolution decree is not void for lack of jurisdiction over either the parties or the subject matter, failure to follow mandatory provisions of a statute may also render a judgment void and subject to collateral attack. Due to the statutory language of R.C. 3105.64, and the strong public policy in favor of providing a "cooling-off period" to allow both parties time for reflection, and to possibly effect a reconciliation, we hold the statutory thirty-day waiting requirement is mandatory.

Although the mandatory waiting period was not followed in the case *sub judice,* in accordance with the reasoning of the Ohio Supreme Court in *State, ex rel. Lesher,* v. *Kainrad* (1981), 65 Ohio St. 2d 68 [19 O.O.3d 261], certiorari denied (1981), 454 U.S. 854, we find the dissolution judgment in question to be voidable and not void. We make this determination so as to avoid the possibility of rendering numerous other dissolution decrees complete nullities. See *In re Murphy, supra.*

Therefore, although appellant's second assignment of error is well-taken, we find it is not reversible error.

When, after a consideration of the entire record, the judgment is found to be plainly correct, it will not be reversed because a bad reason for it was given by the trial court which rendered the decision. *Harman* v. *Kelley* (1846), 14 Ohio 502. See, also, *Loudenback* v. *Collins* (1854), 4 Ohio St. 251.

Appellant's third assignment of error is as follows:

"The trial court erred in holding that appellant was attempting to use Ohio Rev. Code Sec. 2721.01 through 2721.15 to collaterally attack a judgment decree and that appellant is prevented from using a declaratory judgment to determine her marital status."

Since we have held the dissolution judgment in the case *sub judice* was not void, but merely voidable, it may not be attacked collaterally. A declaratory judgment as to marital status is not a valid substitute for other appropriate remedies appellant could have timely pursued. Further, the evidence shows appellant chose to continue with the dissolution proceedings after being informed the thirty-day waiting period had not been met. She secured rendition of the separation agreement and complied with it for four years before seeking to have the judgment declared void. By abiding by the decree, and availing herself of its benefits for such an extended duration, appellant is estopped from seeking a remedy at this late date.

Accordingly, appellant's third assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

KOEHLER, P.J., HENDRICKSON and YOUNG, JJ., concur.

YOUNG, J., of the Court of Common Pleas of Warren County, sitting by assignment in the Twelfth Appellate District.