SMITH, Appellant,

v.

SMITH, Appellee.

[Cite as *Smith v. Smith* (1995), 101 Ohio App.3d 62.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 94 CA 847.

Decided Feb. 8, 1995.

*Hapner & Hapner* and *Jon C. Hapner,* for appellant.

*David B. Bender,* for appellee.

PETER B. ABELE,, Judge.

This is an appeal from a judgment entered by the Highland County Court of Common Pleas dismissing a dissolution petition filed by Kimberly Ann Smith, appellant, and Daniel Wayne Smith, appellee.

Appellant assigns the following errors:

First Assignment of Error:

"The trial court erred in finding it had lost jurisdiction of the cause herein, although no entry dismissing the case had been filed."

Second Assignment of Error:

"The trial court erred in considering the ninety (90) day limit in RC 3105.64 in conjunction with RC 3105.65 to be a mandatory time limit imposed upon the court."

The parties married in 1984. On May 23, 1993, the parties filed a petition seeking dissolution of their marriage.

On July 14, 1993, the court held a final hearing on the petition for dissolution. At the hearing, appellee appeared without an attorney and indicated that he was not satisfied with the terms of the separation agreement attached to the petition. On July 15, 1993, the court issued an order continuing the matter.

On October 12, 1993, appellant filed the following six items with the court: (1) a motion for temporary custody and child support; (2) a "motion" withdrawing her consent to the dissolution; (3) a Uniform Child Custody Jurisdiction Act affidavit; (4) a child support computation worksheet; (5) an affidavit in support of her motion for temporary custody; and (6) a "motion to convert the action for dissolution to an action for divorce and complaint for divorce." On October 18, 1993, the court entered judgment converting the action into a divorce action.

The Highland County Clerk of Courts attempted to send to appellee by certified mail the complaint for divorce on October 18, 1993 and October 26, 1993. On November 12, 1993, a Highland County Deputy Sheriff personally served appellee with the complaint for divorce.

On November 9, 1993, appellant filed a motion and affidavit for an *ex parte* order awarding her temporary custody of the children. On November 10, 1993, the court granted the motion.

After filing the petition for dissolution, appellee filed no other documents in this action until December 8, 1993, when, through counsel, he filed the following two items: (1) a motion for an immediate hearing on the *ex parte* temporary custody order; and (2) an "answer to motion to convert action for dissolution to an action for divorce and complaint for divorce." We note that the trial court had granted the motion to convert nearly two months before appellant filed his answer to the motion.

On March 11, 1994, the referee issued a report reconsidering the fact the trial court had granted the motion to convert. The referee reviewed R.C. 3105.64 and 3105.65, and recommended that the trial court dismiss the action. The referee wrote in pertinent part as follows:

"It appears to this Referee that [R.C. 3105.65(C)] clearly intends that the [motion to convert] can be filed only as long as the Court has jurisdiction to hear the decree of dissolution of marriage and once the Court no longer has jurisdiction to hear the decree of dissolution of marriage it may not be converted to a divorce.

"Section 3105.64 provides that a complaint for dissolution of marriage must be heard not less than 30 nor more than 90 days after the filing of the petition for dissolution of marriage.

" * * *

"[T]here must either be a motion made to convert it to a divorce or the parties must go forward and if they fail to do so within the time, the Court loses jurisdiction after the 90 day period to allow the matter to be converted to a divorce."

Appellant, in her objections to the referee's report, argued that there is no specific statutory provision saying that the trial court loses jurisdiction over the dissolution action ninety days after the dissolution petition is filed. Appellant further argued that R.C. 3105.65(A) states that if a party has filed a motion to convert, the trial court shall not dismiss the petition for dissolution.

Appellee responded to appellant's objections by arguing that appellant filed her motion to convert the dissolution action into a divorce action beyond the appearance and acknowledgement time limits mentioned in R.C. 3105.64(A). Appellee noted that after the parties filed the petition for dissolution, they and their children moved away from Highland County. Appellee requested the trial court to dismiss the action "so that the action may be litigated in a county having the appropriate jurisdiction and venue."

In reply to appellee's arguments, appellant noted that before appellee filed his motion seeking dismissal of the dissolution action, the trial court had already granted the motion to convert the action from a dissolution action to a divorce action and the deputy sheriff had already served appellee with the divorce complaint. Thus, appellant argued, the trial court has jurisdiction to proceed with the divorce action.

On April 14, 1994, the trial court overruled appellant's objections to the referee's report and adopted the referee's report. Appellant filed a timely notice of appeal.

I

In her first assignment of error, appellant asserts the trial court erred by finding it had lost jurisdiction over the instant action. Appellant argues that the trial court misconstrued the concept of jurisdiction. Appellant notes that the trial court had both personal jurisdiction and subject matter jurisdiction in this action.

In her second assignment of error, appellant asserts the trial court erred by construing the R.C. 3105.64(A) ninety-day time limit to require dismissal of a dissolution action still pending at that time. Appellant argues that R.C.

3105.65(A) does not require parties to file motions to convert a dissolution action into a divorce action within the first ninety days after they file the petition for dissolution.

Because appellant's assignments of error raise related issues, we will consider them jointly. We begin by noting that we agree with appellant that the trial court did not lose jurisdiction over the case at the expiration of ninety days.

■ The R.C. 3105.64(A) thirty- to ninety-day time period neither grants the trial court jurisdiction at the thirty-day point nor deprives the trial court of jurisdiction at the ninety-day point. The statute provides in full as follows:

"(A) Except as provided in division (B) of this section, *not less than thirty nor more than ninety days after the filing of a petition for dissolution of marriage, both spouses shall appear before the court and each spouse shall acknowledge* under oath that he has voluntarily entered into the separation agreement appended to the petition, that he is satisfied with its terms, and that he seeks dissolution of the marriage.

"(B) If an action for divorce is converted to an action for dissolution of marriage pursuant to section 3105.08 of the Revised Code and if the conversion occurs more than thirty days after the filing of the original petition in the divorce action, *the appearance and acknowledgement requirements* of division (A) of this section may be satisfied at the time of the conversion or at a time that is not more than ninety days after the conversion." (Emphasis added.)

Paragraph (B) of the statute refers to the thirty- to ninety-day time period not as a jurisdictional requirement, but rather as an "appearance and acknowledgement requirement." Although the statute states that the parties must appear before the court and acknowledge their desires not less than thirty nor more than ninety days after they filed the petition for dissolution, the statute does not forbid the trial court from entering the dissolution decree more than ninety days after the parties filed the petition for dissolution.

Several decisions support our position that the trial court does not lose jurisdiction at the expiration of the ninety-day period mentioned in R.C. 3105.64(A). In *Starr v. Starr* (1985), 26 Ohio App.3d 134, 26 OBR 346, 498 N.E.2d 1092, the Twelfth District held that the R.C. 3105.64(A) thirty-day time requirement is not jurisdictional. The Twelfth District wrote in pertinent part as follows:

"Jurisdiction was acquired by the trial court in the case *sub judice* when both parties (1) petitioned the court for dissolution pursuant to R.C. 3105.61, (2) waived service of summons according to Civ.R. 4(D), and (3) met the requirements of showing six months of residency in the properly venued county. * * *

" * * * *[F]ailure to comply with the thirty-day waiting period does not have the effect of ousting jurisdiction, but rather is a mistake or irregularity in the exercise of jurisdiction. * * * " (Emphasis added.)

Although *Starr* involved a case heard earlier than thirty days, the *Starr* reasoning applies with similar force to a case heard later than ninety days.

In *Hammock v. Hammock* (May 28, 1985), Lawrence App. No. 1717, unreported, 1985 WL 9479, released two months prior to *Starr,* we addressed the ninety-day issue ourselves. We wrote in pertinent part as follows:

"The statute does not automatically dismiss all dissolution actions when the court fails to hold a dissolution hearing within ninety days. The statute merely says dissolution hearings must be held within that time frame."

In *Hammock, supra,* we also addressed the question of whether a party to a dissolution action could file a motion to convert the action into a divorce action after the expiration of the ninety-day period. We wrote in pertinent part as follows:

"We decline to interpret the statute in such a manner as to preclude the filing of a divorce complaint within the dissolution action after the expiration of the ninety day period. * * * "

Thus, we held that the trial court has jurisdiction beyond the ninety-day period mentioned in R.C. 3105.64(A).

▆ Appellee agrees that the trial court does not lose its jurisdiction upon the expiration of the ninety-day period. After appellant raised the question of whether the trial court on day number eighty-eight may hold a final hearing and, before filing a final dissolution decree, on day number ninety-five may entertain a motion to convert, appellee responded:

"Quite obviously ORC Section 3105.64(A) only requires that the parties appear before the Court within (90) days and express their satisfaction with the terms of the agreement and their desire to seek a dissolution of marriage. The statute does not address the issue of when the final judgment entry is filed, and as such, if the action to convert were filed prior to the filing of the final judgment entry, then the action could be converted."

Appellee thus recognized that the thirty- to ninety-day time period is an appearance and acknowledgement requirement, not a jurisdictional requirement. Appellee also recognized that the trial court has jurisdiction to enter a dissolution decree beyond the ninety-day point. Perhaps most significantly, appellee recognized that the trial court has jurisdiction beyond the ninety-day point to entertain a motion to convert the dissolution action into a divorce action.

■ Appellee's main argument in this appeal is that R.C. 3105.65 required the trial court to dismiss the dissolution action when appellee appeared at the July 14, 1993 hearing and indicated that he was not satisfied with the terms of the separation agreement. That statute provides in pertinent part as follows:

"(A) If, at the time of the hearing, either spouse is not satisfied with the separation agreement or does not wish a dissolution of marriage and if neither spouse files a motion pursuant to division (C) of this section to convert the action to an action for divorce, *the court shall dismiss the petition* and refuse to validate the proposed separation agreement.

" * * *

"(C) At any time before a decree of dissolution of marriage has been granted under division (B) of this section, *either spouse may convert the action* for dissolution of marriage into a divorce action by filing a motion with the court in which the action for dissolution of marriage is pending for conversion of the action for dissolution of marriage. The motion shall contain a complaint for divorce that contains grounds for a divorce and that otherwise complies with the Rules of Civil Procedure and this chapter. The divorce action shall then proceed in accordance with the Rules of Civil Procedure in the same manner as if the motion had been the original complaint in the action, including, but not limited to, the issuance and service of summons pursuant to Civil Rules 4 to 4.6, except that no court fees shall be charged upon conversion of the action for dissolution of marriage into a divorce action under this division."

We agree with appellee that the statute requires the trial court to dismiss the action if a party appears at the hearing and indicates a dissatisfaction with the terms of the separation agreement. We note, however, that the statute does not require the trial court to dismiss the action immediately. The statute does not give the trial court a time limit for dismissing the action.

We further note that the R.C. 3105.65(A) expressly provides that the dismissal requirement does not apply where a party has filed a motion to convert the action into a divorce action. The legislature thus has decided that courts facing both the R.C. 3105.65(A) dismissal requirement and an R.C. 3105.65(C) motion to convert must grant the motion to convert.

■ Appellee claims that appellant filed her motion to convert too late. Again, we note that the R.C. 3105.64(A) thirty- to ninety-day time period does not govern the jurisdiction of the trial court. The R.C. 3105.64(A) thirty- to ninety-day time period relates only to the appearance and acknowledgement of the parties. R.C. 3105.65(C) expressly provides that motions to convert may be filed at any time "before a decree of dissolution of marriage has been granted."

According to the clear language of the statute, appellant filed her motion in a timely manner.

We note that in a recent case, *Galley v. Galley* (May 18, 1994), Miami App. Nos. 93–CA–31 and 93–CA–32, unreported, 1994 WL 191431, the Second District found no error in a trial court's decision to grant a motion to convert a dissolution action that was filed approximately two years after the petition for dissolution. In *Galley*, the trial court granted the motion to convert just one minute after the trial court vacated the original dissolution decree. The Second District, when affirming the trial court's judgment, reasoned that thus there was no longer a dissolution decree at the time of the conversion. The Second District stated, without qualification, that a dissolution action may be converted pursuant to R.C. 3105.65(C) at any time before the court enters a dissolution decree.

Accordingly, based upon the foregoing reasons, we sustain appellant's first and second assignments of error. Upon remand, the action shall proceed as a divorce action.

*Judgment reversed.*

HARSHA, P.J., and GREY, J., concur.