**TARBET, Appellant,**

v.

**TARBET, Appellee.**

[Cite as *Tarbet v. Tarbet* (1994), 97 Ohio App.3d 674.]

Court of Appeals of Ohio,
Summit County.

No. 16651.

Decided Nov. 30, 1994.

*David Ferguson,* for appellant.

*Drema Anderson,* for appellee.

DICKINSON, Judge.

Plaintiff Vicki Tarbet has appealed from a judgment of the Summit County Domestic Relations Court that granted her and defendant Robert Tarbet a divorce from each other. She has argued that the trial court incorrectly

determined that certain retirement benefits based upon Mr. Tarbet's employment were not marital property. This court affirms the judgment of the trial court because the benefits at issue, "Tier I" benefits under the Railroad Retirement Act of 1974, are not marital property.

## I

The parties were married on February 15, 1969. Mrs. Tarbet filed a complaint for divorce on August 13, 1992, and Mr. Tarbet answered and filed a counterclaim for divorce on September 15, 1992.

At the time this matter was heard by the trial court, Mr. Tarbet had been employed in the railroad industry for twenty-six years. The Railroad Retirement Act of 1974, Section 231 *et seq.*, Title 42, U.S. Code, provides a system of retirement and disability benefits to railroad industry employees and their families. That benefits system has a number of components, including "Tier I" and "Tier II" retirement benefits.

Tier I retirement benefits are based upon a railroad employee's employment, both within the railroad industry and outside the railroad industry. They roughly approximate Social Security benefits and include monthly pension payments that are made directly to a nonemployee spouse. The parties stipulated that, at the time of the hearing before the trial court, the then-current value of Mr. Tarbet's entitlement to Tier I monthly pension payments upon his retirement was $38,000. They further stipulated that the then-current value of Mrs. Tarbet's entitlement to Tier I monthly pension payments directly to her was $20,000. In order to collect the monthly payments to be paid directly to her, Mrs. Tarbet must be unmarried at the time Mr. Tarbet reaches age sixty-two.

Tier II retirement benefits are based only upon a railroad employee's employment within the railroad industry. They are comparable to pension benefits paid over and above Social Security benefits to workers in other industries. The parties stipulated that, at the time of the hearing before the trial court, the then-current value of the Tier II benefits based upon Mr. Tarbet's employment was $12,000.

The parties were able to agree to resolution of most of the issues between them, including that the Tier II pension benefits based upon Mr. Tarbet's railroad employment were marital property. The trial court included the value of those benefits in its division of marital property, offsetting that value against other items of marital property awarded Mrs. Tarbet.

The parties were unable to agree, however, on the proper treatment of the Tier I pension benefits based upon Mr. Tarbet's employment. Mrs. Tarbet argued that those benefits were also marital property and should be divided between the

parties. Mr. Tarbet argued that, pursuant to federal law, those benefits were separate property and were not subject to division between the parties.

The trial court determined that the Tier I benefits based upon Mr. Tarbet's employment were not marital property subject to division between the parties. Mrs. Tarbet timely appealed that determination to this court.

## II

■ Mrs. Tarbet's sole assignment of error is that the trial court incorrectly determined that the Tier I benefits based upon Mr. Tarbet's employment were not marital property. Normally, vested pension benefits based upon a spouse's employment during marriage are marital property. *Bisker v. Bisker* (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308, 309; *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597, syllabus. Mr. Tarbet has argued, however, that federal law precludes treatment of Tier I railroad retirement benefits as marital property.

In *Hisquierdo v. Hisquierdo* (1979), 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1, the United States Supreme Court determined that pension benefits earned pursuant to the Railroad Retirement Act of 1974 could not be treated as marital property and divided when a railroad employee became divorced. As noted by the court, the then-current version of Section 231m, Title 45, U.S. Code provided:

"Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity [payable under the Railroad Retirement Act] shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated * * *." *Hisquierdo,* 439 U.S. at 576, 99 S.Ct. at 805, 59 L.Ed.2d at 7.

According to the court, to the extent that state domestic relations law would treat railroad retirement benefits as marital property subject to division, that state law was preempted by Section 231m. Federal law provided for "a specified beneficiary protected by a flat prohibition against attachment and anticipation" and to permit a state to treat such benefits as marital property subject to division would injure federal objectives. *Id.* at 582–583, 99 S.Ct. at 808-809, 59 L.Ed.2d at 11. The court concluded:

"Section 231m shields the distribution of benefits from state decisions that would actually reverse the flow of incentives Congress originally intended." *Id.* at 585, 99 S.Ct. at 810, 59 L.Ed.2d at 13.

Following the Supreme Court's decision in *Hisquierdo,* Congress amended Section 231m. In doing so, it removed the shield that the section had provided to the treatment of certain railroad retirement benefits as marital property. Sec-

tion 231m(b)(2) now specifically provides that federal law does not prohibit treatment of certain pension benefits payable based upon employment in the railroad industry, including Tier II benefits, as marital property. Significantly, however, Congress did not change the law regarding Tier I benefits. The Supreme Court's conclusion in *Hisquierdo* that Tier I benefits may not be treated as marital property subject to division remains the law.

■ Mrs. Tarbet has argued that, although the Supreme Court's decision in *Hisquierdo* prohibited state courts from "awarding a portion of Tier I benefits to a non-employee spouse in a divorce action," that decision did not prohibit offsetting the value of Tier I benefits against other marital assets as the trial court did with the Tier II benefits in this case. She argues that:

"Although that case prohibits a direct division of Tier I benefits, it does not prohibit the domestic relations court from considering the present fair market value of Tier I benefits in making a division of property."

The Supreme Court, however, specifically rejected this approach in its decision in *Hisquierdo:*

"An offsetting award * * * would upset the statutory balance and impair [the employee spouse's] economic security just as surely as would a regular deduction from his benefit check." *Id.* at 588, 99 S.Ct. at 811, 59 L.Ed.2d at 15.

Contrary to Mrs. Tarbet's argument, therefore, an order offsetting the value of the Tier I pension benefits based upon Mr. Tarbet's employment would directly conflict with the decision of the United States Supreme Court in *Hisquierdo.* Accordingly, Mrs. Tarbet's assignment of error is overruled.

### III

Mrs. Tarbet's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.