Pamela M. BRITTON–PAIGE,
Plaintiff–Appellant,

v.

AMERICAN HEALTH AND LIFE
INSURANCE COMPANY, et al.,
Respondent–Respondent.

No. 67236.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 13, 1995.

Coggan R. Mills, Clayton, for appellant.

Lisa A. Pake and Robert T. Haar, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for respondent.

KAROHL, Judge.

Plaintiff, Pamela Britton–Paige, appeals after the trial court sustained defendant American Health and Life Insurance Company's motion to dismiss her second amended petition for damages for fraud and misrepresentation because she could not and did not state a cause of action against defendant. We affirm.

On June 8, 1992, Ollie Mae Britton (Britton) contracted with Custom Builders to perform remodeling work on her home at 1135 Backer Street, University City, Missouri, 63130. Britton executed a note and deed of trust to Commercial Credit Company (Commercial Credit) to finance the work. She also purchased a credit life insurance policy from American Health Life and Insurance Company to insure payment of the loan balance. She listed Commercial Credit as the beneficiary. On August 19, 1993, Britton died with part of the note outstanding. Her daughter, Pamela Britton–Paige, inherited the home.

After her mother's death, Britton–Paige contacted Commercial Credit. She alleged an employee of Commercial Credit informed her that the insurance would pay off the balance due on her mother's loan. She made no payments on the note. She did not receive notice of default. On April 8, 1994, an attorney consulted by Britton–Paige discovered a notice of forfeiture. On April 14, 1994, the property was sold under foreclosure.

On June 8, 1994, Britton–Paige filed suit. Her amended petition was dismissed for failure to state a claim and failure to plead fraud with particularity. She was granted time to file an amended petition. She filed the amended petition on September 27, 1994. On October 31, 1994, the trial court granted American Health's motion to dismiss because plaintiff lacked standing and failed to plead

fraud with particularity. The motion was granted with prejudice.

The first point on appeal concerns the question of standing. The issue is whether only the personal representative of the estate has standing or whether Britton–Paige has standing as the "sole heir" of her mother's real estate where no probate estate was opened. A second issue involves her claim of being a third-party beneficiary on her mother's insurance contract.

 At common law, a tort action for damages to property did not survive the death of the injured party. *Manson v. Wabash Railroad Company*, 338 S.W.2d 54, 57 (Mo. banc 1960). Missouri's survival statute now provides that actions for damages to property survive regardless of death of an injured party. Section 537.010 RSMo 1986. However, this statute provides for the survival of such action only to the fiduciary or personal representative of the estate of the deceased person. *Id.*

 Britton–Paige claims standing based on her status as heir to her mother's real estate. She did not allege there was a probate proceeding or that she was the personal representative of the estate. The statute and case law both require that the personal representative of the estate must assert the decedent's claim. Section 537.010 RSMo 1986; *Carter v. Pottenger*, 888 S.W.2d 710, 712–713 (Mo.App.S.D.1994); *Sauter v. Schnuck Markets, Inc.*, 803 S.W.2d 54, 55 (Mo.App.1990). Britton–Paige's heirship is not sufficient to support her cause of action. The issue of standing is jurisdictional and the lack of standing cannot be waived. *Brock v. City of St. Louis*, 724 S.W.2d 721, 725 (Mo. App.1987).

 In the alternative, Britton–Paige attempts to avoid the requirements of § 537.010 RSMo 1986 by arguing she has standing as a third-party beneficiary of the insurance contract. She did not plead this theory in her second amended petition. An appellate court may not address issues not raised at trial. *Drywall Interior Systems Construction, Inc., v. Ladue Building & Engineering Corporation*, 857 S.W.2d 523, 525 (Mo.App.E.D.1993). Consequently, we can

not find trial court in error on a matter not presented to the court.

We affirm.

GRIMM, C.J., and AHRENS, P.J., concur.