**LOEW, Appellant,**

v.

**LOEW, Appellee.**

[Cite as *Loew v. Loew* (1996), 114 Ohio App.3d 632.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5486.

Decided Oct. 15, 1996.

*Betras & Dann* and *Marc E. Dann*, for appellant.

*Debora Witten*, for appellee.

Ford, Presiding Judge.

In this accelerated appeal, appellant, Janet S. Loew, appeals from an order of the Trumbull County Court of Common Pleas, Domestic Relations Division, which overruled her motion to vacate judgment entered on April 30, 1987, in the divorce proceedings between appellant and appellee, Harry M. Loew.[1]

Appellant and appellee were married on September 21, 1974, and were divorced on April 30, 1987. Appellant filed a motion to vacate judgment on September 13, 1995, under Civ.R. 60(B)(5), based on the alleged inequitable division of the marital property under R.C. 3105.171. Specifically, appellant asserted that "the decree should have specified Part A of the Railroad Pension, even though this part of the Railroad Pension has traditionally been found to be undividable. Since [appellant] has an interest in Part A of the Railroad Pension, the Court should have valued Part A and appropriately credited [appellant] in

---

1. There is an ambiguity in the record concerning the date of the final judgment. In the trial court's amended order, the date of the final judgment is stated as January 30, 1995. However, the record does not contain a judgment with a file stamp bearing that date.

some other equitable manner." [2]   A hearing on the motion was conducted, and the trial court overruled appellant's motion May 20, 1996.[3]   Appellant filed a timely appeal, and raises the following single assignment of error:

"The trial court's failure to vacate the decree order by not considering [appellee's] pension plan as a marital asset was an abuse of discretion and thus constitutes reversible error."

■   Appellant has failed to comply with App.R. 9 because she has not provided this court with a transcript of the hearing or a suitable alternative.   Because appellant cannot demonstrate the alleged error in the record, we must presume the regularity of the proceedings below.   *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386; *Schialdone v. Schialdone* (Dec. 16, 1994), Trumbull App. No. 93–T–5007, unreported, at 6, 1994 WL 721621.   Accordingly, we will limit our merits analysis to the materials found in the record.

The decision to overrule a party's motion to vacate judgment lies within the sound discretion of the trial court.   *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567.   This court is precluded from disturbing that decision unless it was arbitrary, unreasonable or capricious.   *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.   In order to succeed on her motion to vacate judgment under Civ.R. 60(B)(5), appellant was required to prove that she had a meritorious defense or claim to present if relief was granted, that she was entitled to relief under that subsection, and that her motion was made within a reasonable time.   *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.   The trial court was required to overrule appellant's motion if all three requirements were not met.   *Rose*, 36 Ohio St.3d at 20, 520 N.E.2d at 566–567.

■   We conclude that the trial court properly overruled appellant's motion, primarily based on the fact that appellant's motion was not made within a reasonable time.   Appellant's motion to vacate was filed more than eight years after the divorce decree was filed and "[t]he record is devoid of any evidence explaining the lengthy deferral for the filing of the motion." *In re Young* (Dec. 2,

---

2.   Item twelve of the divorce decree reads as follows: "That attached * * * are the necessary conditions to assure [appellant] of her pension rights under the United States of America Railroad Retirement Board, and it is ordered that [appellee] comply with executing whatever documents are necessary at the proper time in order that the [appellant] may obtain whatever benefits are available to her at the time of [appellee's] retirement or death."

3.   The amended order does not contain findings of fact, but only a summary overruling of appellant's motion.

1994), Portage App. No. 94–P–0002, unreported, at 3, 1994 WL 780877. We determine that the delay in the instant case was also unreasonable.

Additionally, appellant did not articulate a ground or submit evidence which would constitute the extraordinary circumstances required to invoke Civ.R. 60(B)(5). Appellant relies on *In re Murphy* (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910, where the court held that the dissolution decree was voidable due to the willful concealment of a substantial asset on the part of one spouse. *Id.* at 137, 10 OBR at 187–188, 461 N.E.2d at 914–915. In the instant case, there is no evidence suggesting willful concealment on the part of appellee.

By appellant's own admission, the domestic relations court was precluded from valuing and dividing the Part A benefits. In *Tarbet v. Tarbet* (1994), 97 Ohio App.3d 674, 677, 647 N.E.2d 254, 256, the court held that "Tier I" benefits which form part of a pension under the Railroad Retirement Act may not be treated as marital property subject to division. Further, a domestic relations court is precluded from offsetting the value of that class of railroad pension benefits against other assets in making the division of marital property. *Id.*

■ There is a substantial lack of evidence in the instant case, the most significant being the attachment mentioned in item twelve of the decree. Additionally, there are no valuation statements, affidavits, depositions, answers to interrogatories, or exhibits attached to the motion. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 102–103, 68 O.O.2d 251, 253–255, 316 N.E.2d 469, 474–475. Based on appellant's admission and the lack of evidence in the record to the contrary, we are compelled to presume that appellee's "Part A" benefits are similar to the "Type I" benefits discussed in the cited cases. Therefore, the domestic relations court's omission of these benefits from the division of the marital property was entirely proper. Due to appellant's knowledge of the nature of the subject benefits, the unreasonable delay in filing the motion, the lack of grounds, and the lack of evidential materials, we conclude that the trial court did not abuse its discretion in overruling appellant's motion to vacate judgment.

Notwithstanding the foregoing reasoning, appellant may be entitled to obtain divorced spouse benefits under appellee's railroad pension, pursuant to item twelve of the divorce decree.[4] See *Polk v. Polk* (May 24, 1996), Ashtabula App. No. 95–A–0070, unreported, at 8–9; Section 231a(c)(4), Title 45, U.S.Code. While appellant's Civ.R. 60(B) motion was not the proper procedural mechanism to use to secure these funds, appellant would not be prevented from submitting a motion

---

4. We note that there is an attachment to appellant's complaint that delineates the eligibility requirements for a railroad retirement divorced spouse annuity.

to request enforcement of the order.[5] Alternatively, if appellee has failed to execute any documents, in contravention of the trial court's order, and appellant has not been able to obtain benefits as a result of that failure, a motion for contempt is one procedural avenue which would enable appellant to obtain the desired benefits.

Accordingly, appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.

---

5. The submission of the motion would undoubtedly depend upon whether appellee has retired or otherwise satisfied the conditions required to trigger payments.