**Catherine Delores WALKER,
Plaintiff/Respondent,**

v.

**Gary James WALKER,
Defendant/Appellant.**

No. 71794.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 9, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Gary James Walker, St. Louis, pro se.

Law Offices of Mary Ann Weems, Robert E. Faerber, Mary Ann Weems, Clayton, for plaintiff/respondent.

PUDLOWSKI, Judge.

Appellant (husband), acting pro se, appeals the judgment of the Circuit Court of St. Louis County, granting respondent's motion to dismiss appellant's motion to revise Qualified Domestic Relations Order, which orders a portion of appellant's pension from the Railroad Retirement Board to be distributed to respondent (wife).

Husband, Gary James Walker, and wife, Catherine D. Walker, entered into a separation agreement pursuant to a decree of dissolution entered by the circuit court on March 7, 1994. On September 7, 1994, the circuit court entered a Qualified Domestic Relations

Order (QDRO), distributing a portion of husband's Tier II benefits of his railroad retirement pension to wife. On January 25, 1995, husband filed a motion to modify the QDRO (1995 motion), alleging that the QDRO did not reflect the parties intent as articulated in the separation agreement. The motion was denied on March 17, 1995. Husband did not appeal this order. More than a year later, on August 13, 1996, husband filed another motion to revise the QDRO (1996 motion), alleging that the QDRO did not effectuate the express intent of the parties as it was not husband's intention to award wife the share of his Tier II benefits which are disability based benefits. Wife filed a motion to dismiss husband's motion based on res judicata and collateral estoppel. Wife's motion to dismiss was heard and sustained on November 27, 1996. Husband filed a motion for rehearing and it was denied. Husband filed a motion to supplement the record which has been taken with this appeal. He appeals the trial court's judgment sustaining wife's motion to dismiss.

Because we find, as hereinafter discussed, the trial court correctly dismissed the 1996 motion on grounds of res judicata and collateral estoppel, we deny points I, II and IV of husband's appeal. Because nothing in the record indicates husband raised the issues in points III, V and VI in his 1996 motion, we are estopped from addressing the merits of those points. Accordingly, we deny those points. Because of these findings husband's motion to supplement the record is moot. We affirm the judgment of the trial court. However, a brief discourse addressing the pro se's improper allegations of error is warranted.

■ In his first point, husband asserts that the trial court incorrectly sustained wife's motion to dismiss husband's motion to revise the QDRO because Section 452.330 RSMo 1994 allows for more than one attempt to modify the QDRO. While Section 452.330 allows for more than one attempt to modify a QDRO, it may be done only for the purpose

of "establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order." However, a party cannot file a motion to modify, asserting the same basis for modification in each motion, and ignore the doctrines of res judicata and collateral estoppel in the process.[1]

Wife asserts in her reply brief that husband's 1996 motion to revise is merely an attempt to relitigate the same issues brought forth in the 1995 motion and, therefore, is barred by res judicata and collateral estoppel. After a review of the record we agree.

■ Res judicata is comprised of two separate and distinct doctrines: claim preclusion, known as res judicata and issue preclusion, known as collateral estoppel. *Wolfe v. Central Mine Equipment Co.*, 895 S.W.2d 83, 87 (Mo.App. E.D.1995). In determining whether a claim is barred by collateral estoppel, we consider four factors: 1) whether the issue decided in the prior adjudication (1995 motion) was identical with the issue presented in the present action (1996 motion); 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication and 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate in the prior suit. *Meckfessel v. Fred Weber, Inc.*, 901 S.W.2d 335, 339 (Mo.App. E.D.1995).

■ We find that the trial court correctly dismissed the 1996 motion on collateral estoppel grounds. In both motions, husband presented an identical issue, asserting that the QDRO did not distribute husband's Tier II benefits in the manner agreed upon in paragraph number eight of the separation agreement. Secondly, the 1995 motion was heard and ruled upon by the court, resulting in a judgment on the merits. Further, husband was a party to the 1995 motion. Lastly, we find nothing in the record that husband did not have a full and fair opportunity

1. In order for us to reach the merits of husband's assertion that the court erred in denying his motion to modify the QDRO to conform it to the express intent of the parties as provided for in the separation agreement, he was required to appeal the 1995 motion. The action taken by the trial court resulted in a final judgment on the merits.

to litigate the 1995 motion. Accordingly, we find that the trial court correctly dismissed the 1996 motion based on collateral estoppel.

In order for a claim to be barred by res judicata, or claim preclusion, the following factors must be met: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action, and 4) identity of the quality of the person for or against whom the claim is made. *Doherty v. McMillen*, 805 S.W.2d 361 (Mo.App.1991). The court properly concluded that the claim preclusion elements were satisfied. The topic being sued for was the same because both motions sought a modification of the QDRO to conform with the allegedly inconsistent separation agreement. The cause of action was also the same, as both motions were motions to modify the QDRO. Furthermore, the same parties were involved, satisfying both the third and fourth factors. Because all four factors of claim preclusion are met, the trial court did not err in dismissing husband's 1996 motion on the basis of res judicata. Husband's first point is, therefore, denied.

As a result of our determination that the court properly dismissed the 1996 motion on the basis of both res judicata and collateral estoppel, husband's second and fourth points are denied as well.

In his third point, husband asserts that the trial court erred in dismissing the 1996 motion because a substantial and continual change had occurred that was not previously adjudicated. Wife correctly asserts, however, that husband did not raise this issue before the trial court. Husband did not include this issue in his 1996 motion and the record fails to reveal such allegation. In Missouri, parties are estopped from raising issues on appeal which were not raised at the trial court level. *Britton–Paige v. American Health and Life Ins. Co.*, 900 S.W.2d 7, 8 (Mo.App. E.D.1995). As a result, we are barred from addressing such claim. Point denied.

2. We note, ex gratia, that federal law does not prohibit the treatment of Tier II benefits as marital property. *See Tarbet v. Tarbet*, 97 Ohio App.3d 674, 647 N.E.2d 254; *Hisquierdo v. His-*

In his fifth point, husband argues that a portion of his Tier II benefits were disability benefits and, therefore, should have been characterized as nonmarital.[2] Again, the record does not disclose that this issue was presented to the trial court. Accordingly, husband's fifth point is denied.

For his sixth and final point husband argues that the QDRO does not qualify as a QDRO and should not have been accepted as such. Husband once again attempts to appeal an issue that was not before the trial court in his 1996 motion. He is barred from doing so. *Id.* Husband's sixth point is, therefore, denied.

Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.

*quierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). We have found no Missouri case law addressing this issue.