**Catherine D. WALKER, Respondent,**

**v.**

**Gary J. WALKER, Appellant.**

**No. 74924.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1999.

Mark A. Hirschfeld, Clayton, MO, for appellant.

Mary Ann Weems, Clayton, MO, for respondent.

Before: PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, and LAWRENCE E. MOONEY, JJ.

MEMORANDUM DECISION

**PER CURIAM.**

Gary Walker ("Husband") appeals the trial court's order overruling his Motion to Set Aside Judgment ("Motion to Set Aside"). Husband argues on appeal that there was a substantial change in pension benefits awarded to Catherine Walker ("Wife") under the Qualified Domestic Re-

lations Order ("QDRO") from those benefits denominated in the separation agreement that was incorporated in the parties' decree of dissolution. As such, Husband contends that the trial court erred in refusing to set aside the QDRO because it was entered by the court after he filed for Chapter 7 bankruptcy and without Wife obtaining relief from the automatic stay provision contained in 11 U.S.C. Section 362 (1993). We affirm.

A trial court has broad discretion to decide whether to grant a motion to set aside a final judgment pursuant to Rule 74.06. *Cotleur v. Danziger,* 870 S.W.2d 234, 238 (Mo. banc 1994). The Court of Appeals should not interfere with the trial court's decision unless the record convincingly demonstrates an abuse of discretion. *Jeffries v. Jeffries,* 840 S.W.2d 291, 293 (Mo.App. E.D.1992).

First, we note that Husband previously filed a Motion to Modify the QDRO in 1996 alleging that it did not reflect the parties' intent as expressly articulated in the separation agreement. However, this court upheld the denial of Husband's motion based upon the theories of res judicata and collateral estoppel. *Walker v. Walker,* 954 S.W.2d 425 (Mo.App. E.D.1997).

Second, the United States Supreme Court has held that ERISA-qualified pension plans are excluded from the property of the bankruptcy estate, and are therefore not subject to the automatic stay provision set forth in the bankruptcy code. *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Appellant's Railroad Pension Plan is qualified for protection under ERISA. As such, Respondent was not required to obtain relief from the automatic stay provision because the QDRO did not affect the subject matter of Appellant's pending bankruptcy. Therefore, the trial court did not abuse its discretion in denying Appellant's Motion to Set Aside.

An opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).