OPINION
{¶ 1} Appellant, Lisa J. Wisen, appeals from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, denying her Civ.R. 60(B) motion to vacate the trial court's September 22, 1999 judgment entry approving the parties' property settlement. We affirm.
 {¶ 2} On September 22, 1999, the trial court filed its Decree of Dissolution. Attached to the Decree and incorporated therein was a Separation Agreement which distributed the parties' property and resolved any child support issues. The Separation Agreement was drafted by counsel for appellant. Appellee was unrepresented during the dissolution proceedings.
 {¶ 3} During their marriage, the parties acquired various marital assets including business entities known as Total Manufacturing Company, Inc., Total Plastics, Inc., and Wisen Investments, Inc. Pursuant to the Separation Agreement, appellant relinquished any and all claims or interests in the foregoing companies in exchange for indemnification on all debts associated with the companies as well as a cash settlement payable to her in installments by appellee.
 {¶ 4} Appellant further received "additional payment to be made directly from Husband to Wife as and for an equalization of the property division between the parties based upon valuation of all their property which both parties had an opportunity to review and to which they agree." The agreement continued:
 {¶ 5} "In order to effectuate this division, and in recognition of Wife's integral involvement with the corporations owned by the parties, as mentioned herein, it is acknowledged and agreed that Wife shall receive from Total Manufacturing Company, Inc., a weekly paycheck in the amount of $1,400.00."
 {¶ 6} The agreement required an employment contract to be drafted stating appellant's employment would run for 14 years or until February 26, 2013. Appellee was also required to secure a life insurance policy in the amount of $1,200,000 to secure the weekly $1,400 payments.
 {¶ 7} On December 18, 2003, appellant filed her motion to vacate the September 22, 1999 judgment pursuant to Civ.R. 60(B). Appellant contended that the trial court must vacate its September 22, 1999 judgment entry because the employment provision (Section J) allegedly ran afoul of the federal tax code. Specifically, appellant claimed Section J was illegal and unenforceable because it acted to defraud the government. On August 17, 2004, a hearing was held on the motion and on October 1, 2004, the trial court overruled the motion.
 {¶ 8} Appellant asserts the following assignment of error for our review:
 {¶ 9} "The trial court erred in failing to grant appellants [sic] motion to vacate judgment."
 {¶ 10} A trial court's decision to overrule a party's motion to vacate judgment rests within its sound discretion and will not be disturbed on appeal absent an abuse of discretion. Loew v.Loew (1996), 114 Ohio App.3d 632, 634. To prevail on a motion brought pursuant to Civ.R. 60(B), the movant must show:
 {¶ 11} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 12} If any of the elements are not met, the motion should be overruled. Thrasher v. Thrasher (June 15, 2001), 11th Dist. No. 99-P-0103, 2001 Ohio App. LEXIS 2720, at 6.
 {¶ 13} Under her sole assigned error, appellant makes two arguments: First, appellant contends that the trial court was bound to vacate its former judgment where adequate evidence was adduced that the property settlement was illegal under the federal tax code. Second, appellant argues the Domestic Court had jurisdiction to vacate its judgment approving the property settlement even though the issue catalyzing such a decision is a dispute over whether the agreement violates federal law. We shall address appellant's jurisdictional argument first.
 {¶ 14} In its judgment entry, the trial court stated:
 {¶ 15} "Wife moves this court to vacate its Judgment of September 16, 1999, and specifically to sever Section J from the Separation Agreement as being illegal and contrary to Federal Tax Code. This Court is unable to do so. Only the Internal Revenue Service and ultimately the United States Tax Court can determine the sufficiency and Wife's tax status within Section J for compliance with the Federal Tax Code. Such a determination is clearly not within the jurisdiction of this court."
 {¶ 16} The trial court is correct in its holding that it does not have the jurisdiction to issue a judgment that would bind the federal courts and IRS on the illegality of Section J. That is, the legality of the provision as it pertains to the Internal Revenue Code involves an interpretation of the code. However, the administration of the federal tax code is exclusively the responsibility of the Federal Congress and the Internal Revenue Service. See, Smith v. Industrial Title Ins. Co. (1992 C.A. 3),957 F.2d 90, 97, Cowen, J., dissenting, citing, 26 U.S.C. Section 7801-05. Moreover, the interpretation of the Code is a matter resting with the federal courts. See Smith, supra, citing28 U.S.C. Section 1340 (conferring original jurisdiction for civil actions involving internal revenue); see, also,26 U.S.C. Section 7402 (conferring federal jurisdiction for actions brought by United States to enforce internal revenue laws). The United States has not filed an action in the federal district court to determine the legality of the Section J. Therefore, appellant's claim regarding the substantive illegality of the agreement is speculative and consequently premature.
 {¶ 17} That said, the court was able, from the record, to determine whether appellant set forth a meritorious claim of fraud without overreaching its jurisdiction. To this end, in its October 1, 2004 judgment entry, the court specifically determined it found no evidence of fraud. The court did not abuse its discretion in doing so.
 {¶ 18} Even if appellant could show the provision in question defrauded the federal government, she fails to assert how that fraud specifically affects her. In Ohio, fraud requires a claimant to demonstrate an injury proximately caused by the claimant's justifiable reliance upon another's false representation. See, e.g., Burr v. Stark Cty. Bd. of Commrs.
(1986), 23 Ohio St.3d 69, paragraph two of the syllabus. Appellant's contention that Section J defrauds the government involves an allegation of injury to the government, not her. Although appellant experienced some collateral harm from Section J by way of income tax and social security deductions, appellant does not argue (and the record does not indicate) these "injuries" were caused by appellant's justifiable reliance on any false representations ascribed to appellee. Because appellant fails to allege and demonstrate that appellee defrauded her
through the employment provision of Section J, she fails to set forth a coherent claim for fraud under Civ.R. 60(B).
 {¶ 19} Additionally, the record demonstrates appellant's motion was not filed within a reasonable time. As indicated supra, Civ.R. 60(B) requires (1) mistake, inadvertence, surprise or exclusable neglect; (2) newly discovered evidence; and (3) fraud or misrepresentation allegations to be made "not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). Appellant was aware that there could be unusual tax implications regarding the property settlement before and after she entered the agreement. Appellant testified that she was advised by her attorney to review the separation agreement with a tax attorney or accountant before entering it. Appellant stated she did not do so because appellee wanted to "get it over with and to move on."
 {¶ 20} Moreover, appellant testified she had notice of the negative of impact the arrangement as early as the summer of 2000, well within a year of the September 22, 1999 judgment entry. However, appellant continued to receive payments as an employee without moving the court to vacate or correct the judgment entry approving the separation agreement.
 {¶ 21} The instant action was filed over four years after the judgment from which appellant now seeks relief was filed. By the letter of the rule, appellant's motion falls well outside the window of a "reasonable time". Thus, in addition to appellant's failure to assert a meritorious claim or defense, we believe appellant also failed to file her motion to vacate within a reasonable time. Appellant's sole assignment of error lacks merit.
 {¶ 22} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division is hereby affirmed.
M. O'Neill, J., M. O'Toole, J., concur.