IN RE MURPHY.

(No. C-820722—Decided June 15, 1983.)

*Katz, Teller, Brant & Hild Co., L.P.A.,* and *Mr. Jerome S. Teller,* for appellee.

*Messrs. Paxton & Seasongood* and *Mr. Jacob K. Stein,* for appellant.

BLACK, P.J. This appeal presents two questions about a decree of dissolution granted under R.C. 3105.61 *et seq.,* when without the knowledge or agreement of one spouse, the separation agreement fails to disclose and provide for substantial and material assets owned by the other spouse:

(1) Are there circumstances under which that failure renders the decree of dissolution void or voidable?

(2) If voidable, is the spouse who is prejudiced by that failure precluded from obtaining relief under Civ. R. 60(B) when the motion is made more than one year after the decree?

This is the second appeal from a ruling of the division of domestic relations of the court of common pleas (the trial court) on the motion of Winifred M. Murphy (Winifred) for relief under Civ. R. 60(B).[1] In the first appeal, we reversed

---

[1] Civ. R. 60(B) reads in full:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior

the trial court's order overruling Winifred's motion for relief, because the court's sole reason was that the motion was filed more than one year after the decree. *In re Murphy* (May 14, 1980), Hamilton App. No. C-790158, unreported. We held that if the reason for relief advanced by Winifred fell within clause (5) of Civ. R. 60(B) rather than clauses (1), (2), or (3), the one-year limitation did not apply. The motion need only be filed within a reasonable time considering all the circumstances. We remanded the case for further proceedings, adding that the trial court might well have to decide whether the case fell under one of the clauses preceding clause (5) in Civ. R. 60, and whether Winifred should have discovered the omissions from the separation agreement earlier than she did.

On remand, the trial court held an evidentiary hearing on the motion for relief, filed an extensive Memorandum of Decision setting forth its findings of fact and conclusions of law, and then vacated the decree of dissolution under clause (5), dismissing the "within cause" without prejudice. In the current appeal, appellant, John T. Murphy (John), advances the single assignment of error that the court erred in granting the motion and vacating the decree, citing four reasons. We are not persuaded that the trial court abused its discretion.

The trial court's findings of fact, which are not in dispute, may be summarized as follows. At the end of the thirty-fifth year of their marriage, John and Winifred agreed to dissolve it, and he penciled out details about alimony and a division of property between them. He was a corporate executive and had counsel; she was a homemaker and went through the dissolution without a lawyer. She accepted John's suggested division of property, apparently without a question, and it was incorporated in the separation agreement. While John was aware of the nature, extent and value of all their marital assets, she was not. The separation agreement was prepared by John's counsel, duly signed by both spouses, attached to the dissolution petition (also prepared by John's counsel), and accepted by the court. In the hearing on dissolution, the questions addressed to Winifred were whether she signed the petition, the waiver of counsel and the separation agreement, whether the latter was acceptable, and whether she wanted the marriage dissolved.

More than a year after the decree, Winifred engaged counsel of her own for the first time because she became aware of a sale by John of Florida real estate and she knew that the separation agreement required each of them to leave his or her real estate to the other by will. An investigation began that led to the filing of Winifred's motion for relief more than one year and eight months after the dissolution decree.

The record demonstrates that the total value of the assets owned by husband and wife was $427,096.68, that 28.67 percent (by value) was disposed of by inclusion in the separation agreement, and that 71.34 percent was omitted (70.59 percent remained in John's name and 0.75 percent in Winifred's).[2] The omitted asset

---

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

[2] The marital assets may be classified as being included in or omitted from the separation agreement, as follows, the percentages be-

belonging to Winifred was a block of stock, but John's omitted assets included stocks, real estate, a boat and various accounts in banks and savings associations. After the decree, John had 82.29 percent of the total assets, and Winifred 17.71 percent. It is accurate and fair to characterize the omissions as substantial in relative amount and material to any informed and deliberate agreement about an equitable division of property. We believe the omissions constituted a fatal defect in the dissolution proceedings.

The 1974 enactment of R.C. 3105.61 et seq.,[3] allowing dissolution of marriage by agreement of the parties without proof of marital misconduct but subject to judicial procedures, brought about a clear departure from the tradition of divorce by adversary proceedings. Divorces can

---

ing calculated on the aggregate total value of all assets:

| Included | | |
|---|---|---|
| Winifred | $72,419.63 | (16.96%) |
| John | 50,000.00 | (11.71%) |
| Totals | $122,419.63 | (28.67%) |
| **Omitted** | | |
| Winifred | $ 3,200.00 | ( 0.75%) |
| John | 301,477.05 | (70.59%) |
| Totals | $304,677.05 | (71.34%) |
| **Total** | | |
| Winifred | $ 75,619.63 | (17.71%) |
| John | 351,477.05 | (82.29%) |
| Totals | $427,096.68 | (100%) |

[3] R.C. 3105.61 et seq. read:

R.C. 3105.61 (Court of Common Pleas): "The court of common pleas may grant a dissolution of marriage."

R.C. 3105.62 (state resident; service of process): "One of the spouses in an action for dissolution of marriage shall have been a resident of the state at least six months immediately before filing the petition. Actions for dissolution of marriage shall be brought in the proper county for commencement of actions pursuant to Civil Rules. For purposes of service of process, both parties in an action for dissolution of marriage shall be deemed to be defendants and subject to service of process as defendants pursuant to the Civil Rules."

R.C. 3105.63 (separation agreement provisions): "A petition for dissolution of marriage shall be signed by both spouses, and shall have attached and incorporated a separation agreement agreed to by both spouses. The separation agreement shall provide for a division of all property, alimony, and, if there are minor children of the marriage, for custody of minor children, child support, and visitation rights. An amended separation agreement may be filed at any time prior to or during the hearing on the petition for dissolution of marriage. Upon receipt of a petition for dissolution of marriage, the court may cause an investigation to be made pursuant to Civil Rules."

R.C. 3105.64 (time of court appearance after filing petition): "Not less than thirty nor more than ninety days after the filing of a petition for dissolution of marriage, both spouses shall appear before the court and each spouse shall acknowledge under oath that he has voluntarily entered into the separation agreement appended to the petition, that he is satisfied with its terms, and that he seeks dissolution of the marriage."

R.C. 3105.65 (power of court): "(A) If at the time of the hearing either spouse is not satisfied with the separation agreement, or does not wish a dissolution of the marriage, the court shall dismiss the petition and refuse to validate the proposed separation agreement.

"(B) If, upon review of the testimony of both spouses, and of the report of the investigator pursuant to Civil Rules, the court approves the separation agreement and any amendments thereto agreed upon by the parties, it shall grant a decree of dissolution of marriage incorporating the separation agreement. A decree of dissolution of marriage has the same effect upon the property rights of the parties, including rights of dower and inheritance, as a decree of divorce. The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation."

range in character from being fabricated and feigned to being excessively bitter and controversial. See Milligan, Dissolution of Marriage — "Fresh Air in Family Court" (1975), 8 Akron L. Rev. 383; Norris, Divorce Reform, Ohio Style (1974), 47 Ohio Bar 1031; Norris, Divorce Reform Revisited (1977), 50 Ohio Bar 809.

The dissolution of marriage is a different type of action, deemed to be "more civilized." Husband and wife jointly petition the court for dissolution by signing and filing a petition to which is attached a separation agreement between them. R.C. 3105.63 goes on to state: "The separation agreement *shall* provide for *a division of all property,* alimony, and, if there are minor children of the marriage, for custody of minor children, child support, and visitation rights." (Emphasis added.) Each party must appear at the court hearing on dissolution and acknowledge under oath that he or she voluntarily entered into the separation agreement, which is amendable up to the hearing date, and that he or she is satisfied with its terms and seeks dissolution of the marriage. If either one fails to do so, the court must dismiss the petition and refuse to validate the agreement. If both are agreed, the court may grant the decree. R.C. 3105.65.

The statutory provisions requiring agreement on both the separation agreement and the dissolution of the marriage are obviously mandatory. The repeated use of the word "shall" throughout the statutes *sub judice* suggests that the legislature intended them to be imperative. *Cleveland Ry.* v. *Brescia* (1919), 100 Ohio St. 267. Without a clearly expressed intent to make the statutory provisions permissive only, provisions using the word "shall" are construed to be mandatory. *State, ex rel. Ewing,* v. *Without a Stitch* (1974), 37 Ohio St. 2d 95, 103 [66 O.O.2d 223], certiorari denied (1975), 421 U.S. 923; see *State* v. *Herbert* (1976), 49 Ohio St. 2d 88, 91-92 [3 O.O.3d 51]. Further, the design of the dissolution statutes is to make it a fundamental, underlying necessity that the parties agree, because if they do, the court has the power to dissolve the marriage and if they do not, the court does not have that power.[4]

We hold that it is equally mandatory that the separation agreement shall contain "a division of all property," not just property jointly owned, but all property belonging to husband and wife. The essence of the dissolution process is a meeting of minds on all factors material to the dissolution of one of the most intimate and respected relationships of our society. When the state addresses the termination of marriages, it has an interest that in our opinion is of greater intensity than its interest in the termination of many other relationships, such as those in commercial affairs. It is mandatory not only that husband and wife agree to the separation agreement but also that the separation agreement cover all points of potential controversy between them. We hold that when a separation agreement omits assets that are substantial in relative amount and material to an informed and deliberate agreement about an equitable division of the property, the statutory requirement has not been met and the ensuing decree has a fatal flaw.

If the dissolution is void, it is a nullity.

---

[4] For instance, the court cannot modify the terms of a separation agreement without the agreement of both parties. *Ralph* v. *Ralph,* (March 8, 1982), Trumbull App. No. 2996, unreported (modification of alimony provisions); *Ashley* v. *Ashley* (1981), 1 Ohio App. 3d 80 (modification of financial support and rights of the marital home); *In re Dissolution of Black* (Feb. 13, 1981), Fulton App. No. F-80-7, unreported (modification of child custody provision). The procedure for dissolution of marriage is one of the few instances in litigation when the jurisdiction and power of the court is invoked by an agreement of the parties, subject only to the residential requirement of R.C. 3105.62.

See *Romito* v. *Maxwell* (1967), 10 Ohio St. 2d 266, 267 [39 O.O.2d 414]; *Tari* v. *State* (1927), 117 Ohio St. 481, 493-494. It can be attacked by motion, on appeal, or collaterally, without time restrictions, and without the necessity of using the procedures of Civ. R. 60(B).[5] We are aware that if the dissolution decree *sub judice* is held to be a nullity, it may render void many other dissolutions that have not been questioned by either party.

In order to forego the wholesale nullification of other dissolutions of marriage, and following the course selected by the Supreme Court in *State, ex rel. Lesher,* v. *Kainrad* (1981), 65 Ohio St. 2d 68 [19 O.O.3d 261], certiorari denied (1981), 454 U.S. 854, we hold that the omissions from the Murphy's separation agreement rendered the decree of dissolution voidable.

The decree, therefore, could be vacated only by motion under Civ. R. 60(B). The fatal defect is noncompliance with the empowering statute, and the "reason" for invoking the trial court's discretionary power to grant relief falls in clause (5).[6] The movant must file the Civ. R. 60(B) motion within a reasonable time and is not limited to the one-year deadline applicable to motions made under clauses (1), (2) and (3). The trial court must find that the movant has a meritorious claim, is entitled to relief under Civ. R. 60(B)(5), and filed the motion within a reasonable time. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86]. Whether the trial court sustains or overrules the motion for relief, the appellate court will reverse that ruling only on a showing that the trial court abused its discretion.

Among the factors to be considered by the trial court in determining whether relief from a decree of dissolution based on an incomplete separation agreement should be granted under Civ. R. 60(B) in the first instance (factors that will also be used by a reviewing court in determining whether the trial court abused its discretion) are the following: what caused the delay in making the motion; whether the delay was reasonable; what personal knowledge the movant had about the nature, extent and value of all the marital assets (whether included or omitted); what the movant should have known about them in the exercise of ordinary care; whether the movant expressly or implicitly concurred in the property provisions of the separation agreement; what deceptions, if any, were used by the other spouse; and what has intervened between the decree and the motion (such as, remarriage of either spouse or both spouses).

Reviewing the trial court's order *sub judice* and taking into consideration the circumstances recited above, we hold that the trial court did not abuse its discretion.[7]

---

[5] We agree with the Staff Note to Civ.R. 60(B) as prepared by the Ohio Rules Advisory Committee, to the effect that this rule addresses only voidable judgments and not void ones.

[6] In holding that Winifred's motion falls under (5) of Civ. R. 60(B), because it is grounded on statutory noncompliance, we do not exclude the possibility that the circumstances of some other case may also invoke clause (1), (2), or (3). If the movant brings his case under any of those three clauses, he will be bound by the one-year deadline. Winifred, however, brought her motion under clause (5) and the trial court based its ruling on that clause.

[7] To the argument that vacating a decree of dissolution for failure to include all assets in the division of property will introduce an intolerable element of instability that is not ascertainable from the record of the case, a proper response is that there are other instances in American jurisprudence when an apparently valid cause of action or judgment is rendered void or voidable by latent defects: such as, the failure to join a necessary party in

The single assignment of error has no merit. We affirm the judgment below.

*Judgment affirmed.*

DOAN and KLUSMEIER, JJ., concur.

---

a civil action by the proper exercise of long-arm jurisdiction, or the violation of the constitutional right of a criminal defendant to the effective assistance of counsel. Obviously, the defect must be of great significance to the interests of justice before it can strike down an otherwise valid judgment.