OPINION
Plaintiff-appellant Cathie I. Hiltbrand (hereinafter "wife") appeals the October 5, 1998 Judgment Entry of the Tuscarawas County Court of Common Pleas, finding Jacob E. Hiltbrand to be an emancipated child, and ordering wife to pay child support to defendant-appellee Jacob W. Hiltbrand (hereinafter "husband") for the benefit of their minor daughter, Jacquelyn, in the amount of $388/month, retroactive to June 1, 1995.
STATEMENT OF THE FACTS AND CASE
Husband and wife were married on October 8, 1967, in Monroe, Michigan. Five children were born as issue of said union: Jessica J. Hiltbrand (DOB 4/6/69); Josieanna L. Hiltbrand (DOB 11/2/74); Jacob E. Hiltbrand (DOB 10/15/76); Jennifer L. Hiltbrand (DOB 10/15/76); and Jacquelyn R. Hiltbrand (DOB 4/22/81). On July 28, 1992, husband and wife entered into a Separation Agreement. This agreement and a Joint Petition for Dissolution were filed with the Tuscarawas County Court of Common Pleas on July 29, 1992. The magistrate conducted a hearing on the matter on September 22, 1992. Via Judgment Entry/Decree of Dissolution filed September 30, 1992, the trial court approved and adopted the magistrate's report and ordered the marriage contract between husband and wife be dissolved. The trial court further found the separation agreement to be fair and equitable, and incorporated it into the decree of dissolution. Pursuant to the separation agreement, wife was named the residential parent and legal custodian of the parties' four minor children. On December 5, 1994, husband filed a motion for modification of the custody order, seeking to be named the residential and custodial parent of the parties' youngest daughter, Jacquelyn. Additionally, husband moved the court for a redetermination of child support relative to Jacob E., who was then residing with husband. The trial court scheduled a hearing on the motion for December 21, 1994. Via Consent Judgment Entry dated December 23, 1994, husband was designated the residential parent and legal custodian of Jacquelyn. The judgment entry also provided: It is further ORDERED, ADJUDGED AND DECREED that, based upon the parties' agreement, [wife] will not be responsible for paying support for Jacquelyn to [husband] through the end of May 1995, unless [husband] would suffer loss of employment or loss of substantial income from his employment at The Timken Company. * * *
It is further ORDERED, ADJUDGED AND DECREED that the parties shall submit appropriate financial affidavits to the Child Support Enforcement Agency of Tuscarawas County, Ohio at the end of May, 1995 for that agency to make the determination of the child support obligation to be paid for Jacquelyn at that time. The parties acknowledge that Jennifer Hiltbrand, age 18 and a senior at Dover High School, is currently residing with [wife] and is expecting to graduate from high school at the end of May, 1995. Jacob E. Hiltbrand, also 18 years old and a senior at Buckeye Joint Vocational High School, is residing with [husband] and is anticipating graduation at the end of May, 1995. Therefore, review of the support obligation for the remaining minor child, Jacquelyn, would be appropriate at that time. The parties may agree to resolve the issue of ongoing support for Jacquelyn at that time, bypassing the CSEA administrative process, by appropriate Consent Judgment Entry and appropriate submission of the Child Support Worksheet prepared pursuant to Ohio Revised Code Section 3113.215.
Subsequently, on November 13, 1995, the Tuscarawas County Child Support Enforcement Agency filed a Motion for Modification, moving the trial court to modify the support obligation to require wife to pay husband $388/month for the benefit of Jacquelyn. CSEA requested the trial court order the modification retroactive to September 15, 1995, as the parties had received notice of the modified amount by letter dated September 7, 1995. The magistrate conducted a hearing relative to the issue of child support on December 21, 1995. The magistrate ordered the parties to file post-hearing briefs on the issue of whether husband's obligation to support Jacob E., who was nineteen years old and still attending high school, remained in effect. Husband filed his brief on December 29, 1995. Wife filed her brief on January 2, 1996. On December 14, 1995, husband filed two alternative motions: a Motion to Vacate the Decree of Dissolution of 09/30/92, and a Motion to Enforce the Decree of Dissolution of 09/30/92 and to Identify the Marital and Separate Property to Which Each Petitioner is Entitled. On January 12, 1996, wife filed a brief in opposition to both motions. The magistrate conducted a hearing on husband's Motion to Vacate the Decree of Dissolution on March 26, 1996. Via Magistrate's Decision dated April 18, 1996, the magistrate found the separation agreement to be fatally flawed. The magistrate recommended the separation agreement be voided, the decree of dissolution be vacated, and the action dismissed without prejudice. The magistrate deferred ruling on the child support issues until the trial court ruled upon his Decision. Wife filed objections to the magistrate's Decision on April 18, 1996, and husband filed counter-objections on April 25, 1996. On September 23, 1996, the trial court conducted an oral hearing on the parties' objections. Via Judgment Entry dated December 9, 1996, the trial court overruled wife's objections and dismissed husband's objections as moot. The trial court approved and adopted the magistrate's Decision in its entirety. The trial court granted husband's December 14, 1996 motion to vacate, which the court construed as a motion for relief from judgment pursuant to Civ. R. 60(B). Additionally, the trial court declared the separation agreement to be null and void, and vacated the decree of dissolution. Wife filed a timely notice of appeal of the December 9, 1996 Judgment Entry to this Court. Via Opinion and Judgment Entry Dated August 25, 1997, this Court reversed, finding the trial court abused its discretion in granting husband relief because he failed to satisfy the elements for relief set forth in In re: Murphy (1983), 10 Ohio App.3d 134. On September 25, 1997, husband filed a Request for Disposition of Pending Motions. Specifically, husband requested the magistrate rule on the issue of wife's support obligation for Jacquelyn. Husband also requested a ruling on his December 14, 1995 Motion to Enforce the Decree Dissolution of September 30, 1992. The trial court scheduled a hearing for October 6, 1997. Via Magistrate's Decision dated January 29, 1998, the magistrate recommended CSEA's November 13, 1995 Motion for Modification be granted, effective December 1, 1995, the first day of the month following the filing of the motion. The magistrate concluded Jacob E. was emancipated in May, 1995. On February 11, 1998, wife filed objections to the magistrate's Decision. Husband filed counter-objections on February 18, 1998. After several continuances, the trial court conducted an oral hearing on June 1, 1998. Via Judgment Entry dated June 8, 1998, the trial court ordered the parties to file separate proposed findings of fact and conclusions of law. Via Judgment Entry dated October 5, 1998, the trial court overruled wife's objections to the magistrate's January 29, 1998 Decision. The trial court sustained in part and overruled in part husband's counter-objections. The trial court found Jacob E. emancipated, as a matter of law, in May, 1995. The trial court granted CSEA's November 13, 1995 Motion for Modification of Child Support and ordered wife to pay support to husband for the benefit of Jacquelyn at the rate of $388/month, retroactive to June 1, 1995. It is from this judgment entry wife appeals, raising the following assignments of error:
I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS A MATTER OF LAW WHEN IT FOUND THAT JACOB E. HILTBRAND WAS AN EMANCIPATED CHILD.
II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS A MATTER OF LAW WHEN IT ORDERED THE PLAINTIFF-APPELLANT TO PAY CHILD SUPPORT FOR THE BENEFIT OF THE MINOR CHILD JACQUELYN HILTBRAND IN THE AMOUNT OF $388.00 PER MONTH RETROACTIVE TO 6/1/95.
Any other facts relevant to our discussion of wife's assignments of error shall be contained therein.
 I
In her first assignment of error, wife maintains the trial court abused its discretion and erred as a matter of law in finding Jacob E. to be an emancipated child. R.C. 3103.03 provides, in pertinent part: (A) Each married person must support himself or herself and his or her spouse out of his or her property or by his or her labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support his or her minor children out of his or her property or by his or her labor.
(B) Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school. That duty of support shall continue during seasonal vacation periods.
On December 21, 1995, the magistrate conducted a hearing on CSEA's November 13, 1995 Motion for Modification. During the hearing, Attorney James Adlon, wife's attorney, addressed the court relative to husband's support obligation for Jacob E. Attorney Adlon advised the court Jacob E. was nineteen years of age and a student in good standing at Tuscarawas Valley High School. Adlon further stated Jacob E.'s date of admission to the high school was September 21, 1995. The attorney explained Jacob E. was being home tutored because he was involved in an industrial accident in which he broke his back. Attorney David Worth, husband's attorney, explained Jacob E. had not successfully completed his senior year of high school and did not desire to return to school at the beginning of the 1995-1996 academic year. Rather, the young man was employed full-time with no intentions of returning to high school. In September, 1995, Jacob E. was severely injured in a work-related accident, which left him totally disabled. Thereafter, the school was contacted. At that time, Jacob E. moved out of husband's home and returned to wife's home because wife is a nurse. Attorney Worth explained Jacob receives five hours of home instruction per week and receives Workers' Compensation benefits each month. In her Brief to this Court, wife submits the evidence established Jacob E. had not dropped out of school prior to the end of the 1994-1995 academic year, and was on summer vacation when he became employed full-time. Brief of Appellant at 5. Wife notes while he was employed during the summer of 1995, Jacob E. fell from a ladder and severely injured his back. Id. Wife explains, due to this injury, Jacob E. missed a few weeks of school at the beginning of the 1995-1996 academic year, but enrolled on September 21, 1995. Id. at 6. At the request of his physician and with permission from an accredited high school, Jacob E. completed his course work through home schooling and graduated in May, 1996. Id. Wife asserts the fact Jacob E. missed the first few weeks of the 1995-1996 academic year, while he recuperated from his back injury, did not justify the trial court's finding he was emancipated. Wife maintains husband's support obligation for Jacob E. should have been revived when the child suffered the debilitating back injury and returned to wife's home. In Matheny v. Matheny (Oct. 5, 1983), Richland App. No. CA-2152, unreported, this Court found R.C. 3103.03 " is meant to apply when a child reaches the age of majority, but not after she quits, works, and then goes back to school." Id. at 5. In Matheny, the parties' daughter quit high school in March, 1982, one month before her eighteenth birthday. Id. at 3. Thereafter, husband filed a Motion for Decrease in Child Support. After a hearing on the motion, the referee recommended husband's support obligation for the daughter cease "until such time as [the daughter] furnishes the Court with a statement as to the courses required and the time necessary to complete the requirements for her high school diploma." Id. The referee further recommended "in the event [the daughter] does not attend summer school and take courses required so that she completes work by January 30, 1983, that no further support be paid for said child." Id. The daughter did not supply the trial court with the requisite statement pursuant to the referee's report, nor did she attend summer school and take courses in order to complete school by the January 30, 1983 deadline. Id. at 3-4. The daughter re-enrolled in school on September 13, 1982, and was scheduled to graduate on June 3, 1983, if she continued on a full-time basis. Id. at 4. This Court found, by her actions, the daughter "chose not to pursue a continuous course of education." Id. at 6. In the instant action, Jacob E. turned eighteen in October, 1994; therefore, in May, 1995, when he learned he was not eligible for graduation, Jacob E. had already attained the age of majority. During the summer of 1995, Jacob E. obtained full-time employment. At this time, the child was residing with husband. While working in early September, 1995, Jacob E. fell off a ladder and broke his back. Because the accident left him totally disable, and because wife is an nurse, Jacob E. returned to wife's residence. Wife contacted Tuscarawas Valley High School and arrangements were made for Jacob E. to be home schooled. The date of enrollment was September 21, 1995. He completed his course work and graduated in May, 1996. The plain language of R.C. 3103.03 clearly indicates a parties' child support obligation will continue after a child turns eighteen years of age "only if he continuously attends on a full-time basis any recognized and accredited high school". (Emphasis added). When Jacob E. obtained full-time employment in the summer of 1995, he had no desire to return to high school. Only after being injured and returning to wife's residence did Jacob E. re-enroll in high school. At that point, the 1995-1996 academic year had already commenced, and Jacob E. was a month shy of his nineteenth birthday. Once Jacob E. became ineligible for graduation, had no intentions of returning to high school after summer recess, and began working full-time, we find the young man was no longer continuously attending high school. Although the home schooling was arranged and recognized by an accredited high school, we find Jacob E.'s receiving five hours of home study per week does not constitute attending school on a full-time basis. In light of the foregoing, we conclude the trial court did not err as a matter of law in finding Jacob E. to be an emancipated child, nor did the trial court err or abuse its discretion in failing to order husband to pay child support to wife for the benefit of Jacob E. Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife contends the trial court abused its discretion and erred as a matter of law in ordering her to pay child support for the benefit of Jacquelyn in the amount of $388/month, retroactive to June 1, 1995. Wife submits the figure of $388/month is based upon Child Support Guideline Worksheets submitted in November, 1995, and the trial court failed to consider evidence, which established wife's child support obligation to be $218/month based upon her gross wages for 1997. Upon review of the record, we find wife failed to provide the trial court with any documentation showing a change of circumstances, which would warrant a reduction in her child support obligation. Although Attorney Adlon informed the trial court wife had sustained an injury in 1997, and was unable to work for an extended period of time, the record reveals wife returned to work with her former employer in September, 1997, on a full-time basis and at an income of $2.00/hour more than she made in 1995. Additionally, wife received $2,800 in Workers' Compensation benefits in 1997. We find the exhibits offered by wife at the October 6, 1997, and June 1, 1998 hearings did not provide the trial court with a basis for finding a change of circumstances warranting a support modification. Accordingly, we find the trial court did not abuse its discretion or err in determining wife's support obligation for Jacquelyn to be $388/month. Wife also takes issue with the trial court's ordering her support obligation for Jacquelyn to be retroactive to June 1, 1995. Wife submits, pursuant to R.C. 3113.21(M)(4), the trial court could not modify the support obligation until "after notice of a petition to modify the support order has been given." Because the trial court did not have notice of CSEA's motion for modification until November 13, 1995, wife contends the trial court could not make her support obligation retroactive to a date prior to November 13, 1995. On December 23, 1994, the parties entered into a Consent Judgment Entry relative to husband's December 5, 1994 motion for change of custody of Jacquelyn. The Consent Judgment Entry, reads, in pertinent part: It is further, ORDERED, ADJUDGED AND DECREED that, based upon the parties' agreement, [wife] will not be responsible for paying support for Jacquelyn to [husband] through the end of May, 1995, unless [husband] would suffer loss of employment or loss of substantial income from his employment at The Timken Company. The obligation of [husband] to pay support to [wife] for Jacquelyn shall cease, effective December 6, 1994, when the child began to live with [husband].
December 23, 1994 Consent Judgment Entry at 3, unpaginated.
Because wife expressly consented to being responsible for paying child support for Jacquelyn effective June 1, 1995, we find the trial court neither erred nor abused its discretion in making the support order retroactive to June 1, 1995. Wife's second assignment of error is overruled.
The October 5, 1998 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur