JOURNAL ENTRY AND OPINION
Appellant Ralph W. Lanzara ("appellant") appeals from the order of the trial court denying his motion for relief from judgment. For the reasons adduced below, we reverse the judgment of the trial court.
On November 24, 1972, appellant married appellee Therese Lanzara ("appellee"). Three children were born during this marriage — Nicholas A. Lanzara (2/6/78), Dominic R. Lanzara (4/27/79), and Renee T. Lanzara (8/1/82).
On June 19, 1997, appellant and appellee entered into a separation agreement. They filed a joint petition for dissolution of marriage on July 29, 1997. In a judgment entry filed on September 26, 1997, the domestic relations court ordered the dissolution of the marriage based upon the terms of the separation agreement.
On November 3, 1998, appellant filed a motion to vacate judgment which was, in effect, a motion for relief from judgment under Civ.R. 60 (B). In his motion and attached affidavit, appellant asserted that the separation agreement was predicated upon fraud and misrepresentations; in particular, appellant asserted that his former wife failed to fully disclose certain assets prior to the dissolution of their marriage. The domestic relations court denied appellant's motion to vacate judgment on December 2, 1998. Therefrom, appellant timely filed a notice of appeal with this court.
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT SINCE APPELLANT MET ALL OF THE REQUIREMENTS OF CIV.R. 60 (B).
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT A HEARING.
In his first and second assignments of error, appellant claims that the trial court abused its discretion in denying his motion for relief from judgment. We will address the assignments of error concurrently because they present common issues of law and fact.
Appellant requested relief from judgment pursuant to Civ.R. 60 (B) (3) and (5). Civ.R. 60 (B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
In order to prevail on a Civ.R. 60 (B) motion for relief from judgment, the movant must establish that:
 1. the party has a meritorious defense or claim to present if relief is granted;
 2. the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1) through (5); and
 3. the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60 (B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152. 153-154, citing GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
In an appeal from a Civ.R. 60 (B) determination, an appellate court must determine whether the trial court abused its discretion. Russo, at 153, citing Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20. Where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment, a trial court abuses its discretion by denying a Civ.R. 60 (B) (5) motion without first conducting a hearing. See Offenberg v. Offenberg (May 28, 1998), Cuyahoga App. No. 71538, unreported, citing Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18.
Appellant has asserted that he was entitled to relief based on fraud under Civ.R. 60 (B) (3) and fraud upon the court under Civ.R. 60 (B) (5). Initially, we note that appellant's request for relief under Civ.R. 60 (B) (3) fails because it was untimely as a matter of law. Appellant failed to file his Civ.R. 60 (B) motion within one year of the judgment of dissolution. However, appellant's assertion of fraud upon the court under Civ.R. 60 (B) (5) was not subject to the one-year limitation; assertions under Civ.R. 60 (B) (5) merely have to be made within a "reasonable time."
In the instant case, appellant could not have raised these matters until he discovered that appellee failed to disclose assets during the dissolution process. In the affidavit attached to his Civ.R. 60 (B) motion, appellant asserts the he discovered that his former wife had an unexplainable stash of money "on or about May 10, 1998." Almost six months later, on November 3, 1998, appellant filed his motion for relief from judgment. This six-month delay is not per se unreasonable. Without a hearing to determine the reason for this delay, we are unable to determine if appellant filed his motion within a reasonable time.
The catch-all provision of Civ.R. 60 (B) (5) may not to be used as a substitute for Civ.R. 60 (B) (1), (2) or (3) when it is too late to seek relief under those provisions. Caruso-Ciresi, Inc.v. Lohman (1983), 5 Ohio St.3d 64, 66. However, "[f]raud upon the court differs from Rule 60 (B) (3), fraud or misrepresentation by an adverse party." Staff Notes, Civ.R. 60 (B). A motion for relief from judgment based on fraud upon the court under Civ.R. 60 (B) (5) is not subject to the one-year deadline.
The term of fraud upon the court has been narrowly construed to include "only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding the cases presented in an impartial manner. Hartford v. Hartford (1977), 53 Ohio App.2d 79, 83-84.
However, "[t]his court and others have consistently recognized that claims involving either the non-disclosure or false disclosure of income or assets in domestic relations cases may state a claim for relief from judgment under Civ.R. 60 (B) (5) in appropriate circumstances." Offenberg, supra, citing Hartup v.Hartup (Sept. 4, 1986), Cuyahoga App. No. 51919, unreported;Seitz v. Seitz (July 23, 1992), Greene App. No. 91-CA-67, unreported; Clymer v. Clymer (Sept. 10, 1991), Franklin App. No. 91AP-438, unreported; Millhon v. Millhon (Mar. 26, 1991), Franklin App. No. 9OAP-1111, unreported; Hellwege v. Hellwege
(June 5, 1986), Franklin App. No. 85AP-927, unreported; In reMurphy (1983), 10 Ohio App.3d 134, 461 N.E.2d 910.
Appellant's motion and supporting affidavit sufficiently allege grounds which would warrant relief from judgment. R.C.3105.63 (A) (1) provides in part that "[t]he separation agreement shall provide for a division of all property * * *." (Emphasis added.) Pursuant to R.C. 3105.63 (A) (1), a separation agreement must contain a division of all property, not just property jointly owned by husband and wife. In re Murphy (1983), 10 Ohio App.3d 134,137. "[W]hen a separation agreement omits assets that are substantial in relative amount and material to an informed and deliberate agreement about an equitable division of the property, the statutory requirement has not been met and the ensuing decree has a fatal flaw." Id. Assuming arguendo that appellee fraudulently failed to disclose significant assets to appellant, the decree of dissolution would be rendered voidable.Id. at 138.
As this court noted in Offenberg, supra:
 It is well established that the moving party is not required to prove the claim or defense by a preponderance of the evidence to warrant a hearing. Colley v. Bazzell
(1980), 64 Ohio St.2d 243, 247 n. 3, 416 N.E.2d 605. Rather, the purpose of the evidentiary hearing is to permit the moving party to carry its burden of persuasion concerning the claim or defense after it has been sufficiently raised and supported by some evidence as in this case.
Based upon the foregoing, we find that appellant's motion and supporting affidavit asserted sufficient operative facts to warrant a hearing. Without reviewing the merits of appellant's Civ.R. 60 (B) motion, we find that the trial court erred in denying the motion without first conducting a hearing.
Appellant's first and second assignments of error are sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and KENNETH A. ROCCO, J. CONCUR.
 ___________________________ LEO M. SPELLACY, JUDGE