OPINION
Plaintiff-appellant, Georgia D. Trenner, appeals from the May 30, 2001 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying appellant's Civ.R. 60(B) motion for relief from the court's July 31, 1970 judgment. For the reasons that follow, we affirm.
Appellant and George Trenner were married on March 19, 1949. They had one child born as issue of the marriage. On July 31, 1970, the parties were divorced. The divorce decree purported to divide all of the real and personal property of the parties.
Approximately three months after the divorce decree was filed, George Trenner entered into an antenuptial agreement with Lillian Trenner, his soon-to-be second wife. According to appellee, Lillian Trenner, fiduciary of the estate of George Trenner, "[i]t is not disputed that Divorce Counsel for George Trenner prepared both the decree of divorce and the subsequent ante nuptial agreement." (Appellee's brief at 5.) The antenuptial agreement listed numerous assets, including stocks and real estate in Florida, that were neither disclosed in the divorce proceedings nor included in the division of marital assets. It is undisputed that the assets were acquired during the course of the marriage.
Within a short time of the divorce, appellant and George Trenner both remarried, and ceased having contact with each other. In March 1999, appellant once again had contact with her ex-husband when she assisted in having him moved to a nursing home in West Jefferson, Ohio. Mr. Trenner died on April 6, 1999. Shortly after his death, appellant was helping her daughter go through Mr. Trenner's papers and discovered the antenuptial agreement listing the nondisclosed property. Appellant contacted an attorney within a week of learning of the existence of the non-disclosed assets to look into the matter.
An estate was opened in Pike County. The antenuptial agreement was filed with the probate court on May 27, 1999. (Plaintiff's exhibit No. B.) An amended inventory was filed with the probate court of that county on December 30, 1999. The inventory revealed that the assets acquired during the marriage of appellant and Mr. Trenner that were listed in the antenuptial agreement still existed.
On April 5, 2000, appellant filed a claim against the estate of George Trenner. The administrator of the estate rejected the claim on April 17, 2000, on the grounds that any motion for relief from judgment from the thirty-year-old divorce decree would be untimely.
On June 12, 2000, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), in the Franklin County Court of Common Pleas, Division of Domestic Relations, seeking one-half of the marital assets acquired by Mr. Trenner during her marriage to him, together with passive investment performance associated with the assets. Appellant sought relief from judgment on the grounds that "George Trenner, through his counsel, perpetrated a fraud on the court because they failed to disclose the extent of the marital assets Mr. Trenner acquired during his marriage to [appellant]." (Memorandum in support of motion for relief from judgment at 6.)
The trial court conducted a hearing on the motion on March 8, 2001. Due to the passage of time, and in addition to the death of Mr. Trenner, the attorneys and the judge involved in the divorce had all passed away. The only witness to testify was appellant.
The trial court found that appellant had a meritorious claim because the additional nondisclosed assets that Mr. Trenner owned would have affected appellant's share in alimony and property division. The trial court further found that the defense of laches should not apply, as appellant did not have any knowledge of Mr. Trenner's concealment of the assets until nearly thirty years later. Thus, appellant did not have the opportunity to initiate suit until after the discovery of the antenuptial agreement in April 1999.
Ultimately, however, the trial court denied the motion as untimely. The trial court relied upon the Ohio Supreme Court case of Coulson v. Coulson (1983), 5 Ohio St.3d 12, to distinguish between fraud between the parties and fraud upon the court. The trial court indicated that, unless an attorney or officer of the court has actively participated in the fraud, a party must usually seek relief under Civ.R. 60(B)(3). The trial court was not convinced that Mr. Trenner's attorney had knowledge of the undisclosed property at the time of the divorce. Therefore, the trial court reasoned, appellant's Civ.R. 60(B) motion was more properly characterized as one concerning fraud on the part of Mr. Trenner rather than fraud by an officer of the court. Fraud by an adverse party is a ground for relief under Civ.R. 60(B)(3), but to obtain relief, pursuant to that ground, a motion for relief from judgment must be made in a reasonable time not to exceed one year after the judgment was entered. Thus, under Civ.R. 60(B)(3), the trial court found that the motion clearly was untimely.
The trial court recognized, however, that a line of cases from this court and from other courts of appeal across the state have liberally construed Civ.R. 60(B)(5) to allow relief for a party's failure to disclose marital assets. The trial court then proceeded to analyze the motion for timeliness under Civ.R. 60(B)(5). The trial court still found the motion untimely, as appellant was unable to explain or justify the nearly fourteen-month delay in filing the motion after she had learned of the nondisclosed assets.
This appeal followed, with appellant assigning as error the following:
Assignment of Error No. 1
 It was error and an abuse of discretion for the trial court to determine that Civ.R. 60(B)(5) did not apply to the instant case where appellee failed to disclose all the parties' marital assets to appellant and the trial court.
Assignment of Error No. 2
 It was error and an abuse of discretion for the trial court to determine that fraud on the court did not exist such that Civ. Rule 60(B)(5) was applicable.
Assignment of Error No. 3
 The trial court erred and abused its discretion by finding that appellant's Civ.R. 60(B) motion was not filed within a reasonable time.
The requirements for prevailing on a Civ.R. 60(B) motion are set forth in paragraph two of the syllabus of GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The question of whether relief should be granted is addressed to the sound discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. As such, a reviewing court must determine whether the trial court abused its discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. "[H]owever, that discretion is not unbridled." Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
In her first assignment of error, appellant argues the trial court erred in concluding that Civ.R. 60(B)(5) did not apply in a case such as this where a party to a divorce did not disclose marital assets. In her second assignment of error, appellant argued the trial court erred in finding that appellant failed to establish fraud upon the court. As the first two assignments of error are interrelated, we elect to address them together.
For the most part, the first two assignments of error are moot. Regardless of which provision of Civ.R. 60(B) applies, the motion must be brought within a reasonable time, and the trial court held that, under either provision, the motion was untimely. While the trial court did state that the motion was more properly brought under Civ.R. 60(B)(3), as it concerned fraud committed by a party rather than fraud on the court, the trial court went on to analyze appellant's motion under Civ.R 60(B)(5) for timeliness. We agree that was the proper course.
In Tait v. Tait (Sept. 29, 1992), Franklin App. No. 92AP-306, unreported, a case cited by the trial court, this court stated that the catch-all provision of Civ.R. 60(B)(5) cannot be used to avoid the one-year limitations period prescribed by Civ.R. 60(B)(1) through (3). However, the court went on to note that exceptions have been made when a party fraudulently conceals an asset rather than misstating its value.
A number of opinions from this court and other courts have recognized a reluctance to impose a mechanical application of the distinction between fraud by a party and fraud upon the court in situations where there has been a failure to disclose a marital asset. Thus, as we have recognized before, a party's failure to disclose marital assets may be grounds for setting aside a judgment pursuant to Civ.R. 60(B)(5). See, e.g., Korn v. Korn (Dec. 9, 1997), Franklin App. No. 97APF07-880, unreported (failure to disclose funds allegedly embezzled from medical practice); Clymer v. Clymer (Sept. 10, 1991), Franklin App. No. 91AP-438, unreported (pension plan not disclosed at time of decree); Millhon v. Millhon (Dec. 21, 1989), Franklin App. No. 89AP-592, unreported (wife's ownership interest in real property overlooked in property settlement); Hellwege v. Hellwege (June 5, 1986), Franklin App. No. 85AP-927, unreported (real property unknown to parties at time of divorce). Other courts of appeal have viewed the issue in the same way. See Lanzara v. Lanzara (Mar. 30, 2000), Cuyahoga App. No. 75751, unreported (failure to fully disclose certain assets prior to dissolution of marriage cognizable under Civ.R. 60[B][5]); Offenberg v. Offenberg (May 28, 1998), Cuyahoga App. No. 71538, unreported ("[w]e decline to make any general pronouncements concerning the precise scope of Civ.R. 60[B][5] or the sometimes obscure distinction between `fraud on the court' claims recognized under Civ.R. 60[B][5] and claims of `fraud' governed by Civ.R. 60[B][3]"); Sharick v. Sharick (Sept. 24, 2001), Mahoning App. Nos. 00 C.A. 123, unreported (annuities discovered after divorce); In re Murphy (1983),10 Ohio App.3d 134 (Civ.R. 60[B][5] used to amend separation agreement that omitted a marital asset). Therefore, the trial court was correct to analyze appellant's motion for relief from judgment under Civ.R. 60(B)(5), even though appellant failed to establish that the attorney who represented Mr. Trenner in the divorce knew of the undisclosed assets at the time of the divorce. The first two assignments of error are, therefore, not well-taken and overruled as moot.
In her third assignment of error, appellant argues that the trial court abused its discretion in finding that, regardless of which provision of Civ.R 60(B) applied, appellant had not filed her motion within a reasonable time.
While a motion for relief from judgment filed pursuant to Civ.R. 60(B)(5) is not governed by the one-year limitation period of Civ.R. 60(B)(3), the motion must still be brought within a reasonable time. Therefore, regardless of the provision relied upon, appellant had the burden of proving that she filed her Civ.R. 60(B) motion within a reasonable time.
Appellant testified that she contacted an attorney within a week of learning of the undisclosed assets. However, there was a largely unexplained lapse of fourteen months between the time that appellant discovered that her ex-husband had concealed marital assets until she filed her motion for relief from judgment. Appellant waited until the last day permitted under the statute to pursue a claim against Mr. Trenner's estate, but neglected to file a motion for relief from the underlying judgment until several months later. Appellant did not provide an explanation satisfactory to the trial court to explain this delay. Given the totality of the circumstances, we do not find an abuse of discretion by the trial court in denying the motion for relief from judgment as untimely. The third assignment of error is overruled.
Based on the foregoing, appellant's first two assignments of error are overruled as moot, the third assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.