OPINION *Page 2 
{¶ 1} Plaintiff-appellant Karen Yancey nka Barron appeals the decision of the Mahoning County Domestic Relations Court denying her motion to vacate a 1983 divorce decree which failed to divide defendant-appellee Anthony Yancey's General Motors pension. The issue on appeal is whether the trial court abused its discretion in finding that appellant is not entitled to relief from the prior judgment. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} The parties were married in June 1970. Ms. Barron filed a complaint for divorce, which proceeded to trial on July 18, 1983. Mr. Yancey filed no response to the complaint and appeared to testify at the final hearing without counsel. On July 22, 1983, the court entered its decree of divorce. Ms. Barron received custody of the parties' four children and Mr. Yancey was ordered to pay child support. The decree then stated that evidence had been presented relative to property division.
 {¶ 3} Regarding this property division, the court ordered Mr. Yancey to purchase from Ms. Barron the marital portion of the residence for a sum of $5,400. Each party was permitted to keep their respective vehicles. The court divided personalty and then awarded Mr. Yancey all savings bonds titled in his name.
 {¶ 4} On October 19, 2005, Ms. Barron filed a Civ.R. 60(B) motion for relief from the July 22, 1983 judgment. She noted that pension benefits accumulated during marriage are subject to property division as a marital asset. See R.C. 3105.171 (A)(3)(a)(i). She then stated that during the parties' thirteen-year marriage, Mr. Yancey participated in a pension plan at General Motors (GM) but that she had no knowledge of the existence of her husband's entitlement to a pension. She alleged that she filed the motion within a year after discovering that Mr. Yancey began receiving a monthly pension benefit.
 {¶ 5} Ms. Barron asked for relief under Civ.R. 60(B)(1) for mistake, inadvertence, surprise or excusable neglect, under Civ.R. 60(B)(2) for newly discovered evidence which could not have been discovered with due diligence, and under Civ.R. 60(B)(5) for any other reason justifying relief from judgment. She amended her motion on November 16, 2006 to admit that Mr. Yancey was present at *Page 3 
the final divorce hearing and to add a citation to a local case she believed controlled. See Sharick v. Sharick (Apr. 11, 2000), 92DR607, affirmed (Sept. 24, 2001), 7th Dist. No. 00CA123, 00CA234.
 {¶ 6} On December 24, 2006, the court held a hearing on Ms. Barron's motion for relief from judgment. Ms. Barron was represented by counsel but did not appear or present any evidence other than that retrieved from the testimony of Mr. Yancey, who did appear. Mr. Yancey testified that Ms. Barron was employed at Delphi or Packard Electric for fifteen years and that she left such employment in April 1983, three months before the final divorce hearing. (Tr. 6). He stated that they knew of each other's pensions, and he opined that Packard and GM and their respective pension rights were "synonymous" at the time. (Tr. 9-10). Mr. Yancey admitted that the divorce decree failed to mention either person's pension. (Tr. 7). However, he insisted that the pensions were discussed at trial and that both Ms. Barron and her counsel were aware of his pension. (Tr. 10).
 {¶ 7} On January 17, 2007, the court denied Ms. Barron's motion for relief from the July 1983 divorce decree. The court first noted that the one-year time limit contained in Civ.R. 60(B)(1) and (2) had long since expired. The court also pointed out that Mr. Yancey testified that the issue of the pensions was discussed and that this testimony was not contradicted as Ms. Barron did not testify to support her claim. Ms. Barron filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} Ms. Barron's sole assignment of error asks:
 {¶ 9} "WHETHER THE TRIAL COURT'S FAILURE TO ADJUDICATE HUSBAND/APPELLEE'S GM LORDSTOWN PENSION BENEFITS ACCRUED DURING THE PARTIES' 13-YEAR MARRIAGE CONSTITUTES GROUNDS TO SET ASIDE THE PROPERTY DIVISION ADJUDICATED IN THE JULY 23, 1983 JUDGMENT ENTRY OF DIVORCE."
 {¶ 10} Ms. Barron reiterates the arguments set forth in her motion to vacate. That is, she notes that pension benefit rights that accrue during marriage are marital assets subject to division. See R.C.3105.171. See, also, Erb v. Erb (2001), 91 Ohio St.3d 503. She urges that Civ.R. 60(B) is a remedial rule to be liberally applied. She *Page 4 
then cites case law allowing the rule to be used for divorce cases with omitted marital assets. See, e.g. In re Murphy (1983),10 Ohio App.3d 134 (willful concealment of substantial assets allowed relief from dissolution decree).
 {¶ 11} After final judgment, a party can seek relief from that judgment based on Civ.R. 60(B), which provides:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 13} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Civ.R. 60(B).
 {¶ 14} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the five grounds listed in the rule; and (3) the timeliness of the motion. GTE Automatic Elec,Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 150-151. We review the trial court's decision for an abuse of discretion, i.e. an unreasonable, arbitrary or unconscionable decision. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20; Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 15} This court has listed the following factors to consider in determining a motion for relief regarding omission of assets from a divorce decree: the cause of the delay in filing the motion; the reasonableness of the delay; the personal knowledge of *Page 5 
the movant on the nature, extent and value of the assets; what the movant should have known in the exercise of ordinary care; whether the movant expressly or impliedly concurred in the property division; the existence of any deception; and, any intervening events such as remarriage or mutation of the asset. Sharick v. Sharick (Sept. 24, 2001), 7th Dist. Nos. 00CA123, 00CA234.
 {¶ 16} At the outset, the record indicates that the trial court could have reasonably found that Ms. Barron as the movant failed to establish that she had a meritorious claim to present if relief is granted. That is, although the pensions were not mentioned in the 1983 judgment entry, there is no indication that she is entitled to any portion of Mr. Yancey's pension. Ms. Barron failed to testify at the hearing or present any evidence regarding her own pension. Evidence established that she worked at a company comparable to the employer of Mr. Yancey for the parties' entire marriage and that she earned the right to a pension at such company. She did not leave this employment until after filing for divorce and just three months before the final divorce hearing. Upon consideration of both pensions, it may have turned out that she owed him more than he owed her. As aforestated, no pensions were mentioned, not his or hers. Thus, there is no indication that Mr. Yancey shared in the marital proceeds of her pension. Moreover, pensions are often offset in divorce cases with each party maintaining their own pension either by agreement or by court structuring.
 {¶ 17} Moreover, even if there were operative facts establishing a meritorious claim or defense, there must exist entitlement to relief under one of the five grounds set forth in Civ.R. 60(B). As for section (B)(2) of that Rule, the trial court could have reasonably concluded that the existence of a husband's GM pension rights should have been discovered during the thirteen-year marriage or at the time of divorce by the wife, who was a fifteen-year veteran of GM's former Packard division, rather than twenty-two years after the divorce. Along the same lines, under the circumstances of this case, forgetting to seek division of such a pension by offering evidence of or inquiring about its existence at the divorce hearing does not constitute excusable neglect under Civ.R. 60(B)(1). *Page 6 
 {¶ 18} As for the catch-all provision, the grounds for using 60(B)(5) must be substantial, and this section can only be used when a more specific provision does not apply. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. See, also, Civ.R. 60(B)(5) (specifying with emphasis added, "any other reason"). In other words, if the grounds for relief fall under one of the reasons with a one-year maximum time limit, then the court should avoid using the catch-all provision to avoid that time limit. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 19} Most troublesome with the motion for relief here is the lack of timeliness. That is, regardless of whether Ms. Barron has established a merit claim or entitlement to relief, the motion is untimely. All five grounds for relief require the motion to be made within a reasonable time. The first three grounds for entitlement to relief have a maximum time limit of one year from the entry of judgment, while the last two grounds have no maximum limit if the time can otherwise be characterizedas reasonable under the circumstances of the case. For this reason, movants exceeding the one-year limit often try to label their motion as falling under Civ.R. 60(B)(5), "any other reason justifying relief from the judgment."
 {¶ 20} Clearly, the one-year time limit has expired for purposes of utilizing Civ.R. 60(B)(1) and (2). The judgment was entered on July 22, 1983, and the motion for relief was filed on October 19, 2005, which is more than twenty-two years later. As can be seen from the plain language of Civ.R. 60(B), it is one year from the entry of judgment, not from discovery of the fact at issue. Even if Ms. Barron could proceed under Civ.R. 60(B)(5), it cannot be said that twenty-two years is reasonable under the facts of this case.
 {¶ 21} As aforementioned, Mr. Yancey's testimony was accepted by the trial court as credible. This was the trial court's prerogative. Thus, it was established that Ms. Barron worked at Packard Electric for fifteen years. She worked there the entire time of the marriage except the last three months before the divorce hearing. Mr. Yancey worked at GM the entire time of the parties' thirteen-year marriage. Ms. Barron had a pension equivalent to that of Mr. Yancey's GM pension. Mr. Yancey described GM and Packard as synonymous in terms of pensions and otherwise. *Page 7 
Finally, Mr. Yancey opined that his wife was aware of his pension during the marriage, and he testified that their pensions were discussed at trial.
 {¶ 22} The trial court could have reasonably concluded under the facts of this case that an ordinary person would have been aware of the existence of the GM pension at a time sooner than twenty-two years after the divorce. The longer the time between a judgment and a motion to set it aside, the more compelling the evidence must be to disturb the finality of that judgment. Moreover, the obvious existence of a pension in a certain field with a particular well-known employer can distinguish this case from those dealing with omitted assets that are not obvious features of the parties' married life. See Sharick, 7th Dist. Nos. 00CA123, 00CA234 (where privately purchased annuities were omitted).
 {¶ 23} Lastly, Ms. Barron failed to appear at the hearing to present testimony establishing that she was in fact unaware that GM employees (and more specifically her husband of thirteen years) have a pension plan and to persuade the court of the reasonableness of her alleged lack of knowledge. She also failed to produce evidence to dispute Mr. Yancey's claim that the parties' pensions were discussed at the time of the divorce hearing and to renounce the implication that they mutually decided to keep their own pensions. These failures of proof allow for upholding the trial court's decision on their own. See Loew v. Loew
(1996), 114 Ohio App.3d 642 (where the Eleventh District upheld a trial court's refusal to grant relief from an eight-year-old judgment, which failed to divide a railroad pension, since the husband did not willfully conceal the pension and the wife presented no evidence of the reasonableness of her delay). See, also, In re Young (Dec. 2, 1994), 11th Dist. No. 94-P-0002 (reversing the trial court's vacation of ten-year-old judgment where no evidence explained lengthy delay or accounted for movant's lack of knowledge of omitted asset). This lack of rebuttal evidence at the hearing is thus a distinguishing factor here.
 {¶ 24} As can be seen, these cases proceed on a case-by-case basis depending on the circumstances of each case. The circumstances of this case are also distinguishable from the Sharick case relied upon by Ms. Barron because there the husband falsely testified at the divorce hearing that there were no other marital annuities to be divided. SeeSharick, 92DR607, affirmed by 7th Dist. Nos. 00CA123, *Page 8 
00CA234. But, it was later discovered that there were other marital annuities, after the husband testified at a hearing on his own motion to compel the wife to divide a different undisclosed asset. Id. Here, we have no allegations of fraud or willful or even negligent concealment.
 {¶ 25} Moreover, in Sharick, the husband had just sought and received division of another omitted asset a few months prior to the wife's motion for relief. Thus, he utilized a procedure, and then in less than a year's time, he challenged the use of the same procedure. In addition, in that case, the trial court granted relief from judgment, and we upheld that discretionary decision. In reviewing for abuse of discretion, results can often vary in different cases, as there can be more than one reasonable decision from which the trial court could choose.
 {¶ 26} Finally, we note that Ms. Barron's motion for relief and her appellate brief all claim that the Sharick movant sought to vacate a 1973 judgment in 2000. In actuality, the January 31, 2000 motion for relief in Sharick sought to vacate a May 7, 1993 judgment entry. Thus, less than seven years had passed, not the seventeen set forth in Ms. Barron's case reviews. This brings the timeliness comparisons in the two cases even further apart as we have a lag time of more than twenty-two years here, more than three times that at issue in Sharick. Thus, upholding the trial court's decision here would in no way contradict theSharick holding as Ms. Barron suggests.
 {¶ 27} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., Waite, J., concurs. *Page 1