OPINION
A final judgment was entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, on March 26, 1999, granting Sharon Duke Hallowes, plaintiff-appellee, and William James Hallowes, defendant-appellant, a divorce. As part of the judgment granting the divorce, the trial court ordered the parties to fulfill each and every obligation imposed upon them by the terms of several handwritten documents which the trial court found to constitute an enforceable settlement agreement. The court also ordered appellant to pay appellee the sum of $2,500 for attorney fees.
Appellant asserts the following assignments of error:
Assignment of Error No. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT A VALID AND ENFORCEABLE SEPARATION AGREEMENT WAS CREATED BY THE PARTIES FOR PURPOSES OF A DIVORCE WHERE THE TESTIMONY CLEARLY ESTABLISHED THAT SAME WAS CREATED FOR PURPOSES OF A POSSIBLE DISSOLUTION ONLY AND A PETITION FOR DISSOLUTION WAS NEVER EVEN FILED.
 Assignment of Error No. 2
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THAT A VALID AND BINDING SEPARATION AGREEMENT WAS CREATED WHEN SAID ALLEGED AGREEMENT DID NOT CONTAIN AN AGREEMENT TO SEPARATE, DID NOT DISPOSE OF ALL ASSETS OF THE PARTIES AND DID NOT INCLUDE VALUATIONS OF MANY OF THE PARTIES' ASSETS.
 Assignment of Error No. 3
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO SET FORTH ANY EVIDENCE THAT STATUTORY FACTORS WERE CONSIDERED IN DETERMINING THAT A FAIR AND EQUITABLE PROPERTY SETTLEMENT RESULTED FROM THE ALLEGED SEPARATION AGREEMENT.
 Assignment of Error No. 4
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING APPELLEE $2500.00 IN ATTORNEYS FEES WHERE NO NEED FOR SAME WAS DEMONSTRATED AND APPELLEE HAD NOT BEEN PREVENTED FROM FULLY LITIGATING HER RIGHTS.
The Hallowes were married on November 25, 1967. Two children were born issue of the marriage, both of whom were emancipated at the time the divorce complaint was filed on July 2, 1997. The parties had been living separate and apart for almost four years at the time of filing the complaint.
At the time the parties permanently separated on August 6, 1993, almost four years prior to the filing of the divorce action, they met without the benefit of attorneys and discussed certain aspects of their separation which were reduced to handwritten notes, most of which were signed by both parties. Those notes were in the handwriting of appellant and consisted of eleven rather roughly written pages. The key issue in regard to all the economic considerations, including division of property, was whether these notes constituted a valid enforceable separation agreement that could be the basis for resolving these issues in the event of a divorce.
On August 24, 1998, the trial court conducted a hearing upon appellee's motion to enforce those papers as a separation agreement. The trial court sustained the motion and found that the agreement, which consisted of the handwritten notes of appellant as somewhat altered by notations of appellee, to be a valid and binding agreement between the parties which should be incorporated into a divorce if subsequently granted as an order of the court. An appeal was attempted from that decision of August 31, 1998, which appeal was found to be from an interlocutory rather than a final order and, thus, dismissed.
Within the series of papers found to be a valid enforceable separation agreement, there is reference in two places to what the parties are to do until the "dissolution is finalized." For example, appellant agrees that he will quit-claim the deed of the house to appellee at that time.
The notes contain no statements of values or other considerations that would enable a trier of the fact to determine whether the agreement is fair and equitable. They also do not include, as admitted by appellee, some matters which would remain to be determined even if the separation agreement were held to be valid and enforceable. Adding to the confusion, is the fact that appellee made some unilateral changes and additions to the document before she gave it to an attorney to reduce the handwritten agreement to a document that might be incorporated in a dissolution proceeding. After the attorney received the altered notes from appellee, he prepared a twenty-two page typewritten document labeled "Separation Agreement" which included a great deal more than the relatively terse handwritten notes presented to him. More importantly, this separation agreement provided that the effective date of the agreement shall be the day and date that it is fully executed by both parties. When this document was submitted to appellant, he refused to sign it. In fact, it was not signed by either party and obviously cannot be the basis of a valid enforceable separation agreement. However, it does add insight that is significant concerning the intention of the parties at the time the handwritten notes were made. Appellant's refusal to sign the separation agreement was not just the product of appellant's change of mind, as indicated by the trial court in his August hearing upon the motion to enforce the papers as a separation agreement. He was presented with a document that added to and changed even some matters upon which the parties had executed a signed agreement.
In his first assignment of error, appellant contends that the trial court erred by finding that a valid and enforceable separation agreement was created by the parties for purposes of a divorce.
The handwritten notes, altered or unaltered, fall far short of a valid enforceable separation agreement that would settle all economic issues in the event of either a dissolution or divorce. It is clear that the parties intended an immediate and permanent separation and to resolve certain support and economic issues during the period of time before a valid termination of their marriage was completed, and to resolve issues thereafter if a dissolution was granted. The parties were attempting to amicably decide these issues, obviously hoping to terminate their marriage by dissolution.
Both parties rely upon the case of Greiner v. Greiner
(1979), 61 Ohio App.2d 88, as support for their arguments that the papers do or do not constitute a separation agreement that is valid and binding in the event of divorce. In Greiner, the court held that, if a separation agreement entered into in contemplation of dissolution of marriage does not contain express language that it was entered into solely for a dissolution of marriage or express language that the parties intended the separation agreement to survive dismissal of a dissolution of marriage petition, it can still be a valid and binding agreement after the dissolution of marriage petition is dismissed if the actions and conduct of the parties evidenced an intention that the separation agreement will survive dismissal of the dissolution petition. In this case, the papers refer only to finalizing a dissolution. While there is no express language either preserving it in the event there is no dissolution or limiting it specifically to a dissolution, the conduct of the parties indicates that the use of provisions in the agreement were intended to be used as a basis for their separation and possible dissolution, rather than to be a fully binding and enforceable separation agreement to be made part of a contested divorce. The parties had not considered all obligations that must be included for it to be a binding and enforceable agreement. Furthermore, the actions of the parties immediately following the writing of the notes is instructive. Appellee took the notes to an attorney with certain unilateral changes to incorporate the rough notes into a fully binding separation agreement to be used in the event of a divorce. Neither party signed that twenty-two page document and appellant, through his attorney, emphatically stated that he would not sign the separation agreement, prepared by the attorney.
Appellant's first assignment of error is sustained. The notes attached as Exhibit A to the decree of divorce do not constitute a valid enforceable separation agreement.
Appellant secondly asserts that the trial court erred by finding that a valid and binding separation agreement was created when the alleged agreement did not contain an agreement to separate, did not dispose of all assets of the parties, and did not include valuation of many of the parties' assets.
Appellant's contention that the "agreements" are invalid and void because there was not a specific provision that the parties intended to separate is not well-taken. Both parties testified and all subsequent events clearly show that the parties had made a permanent decision to separate. Permanent separation was never an issue in dispute, even immediately thereafter when there was a conflict about other provisions in the separation agreement written by the attorney. However, the agreement, consisting of the eleven pages of rough notes, did not include valuations of most of the parties' assets, did not dispose of all assets, and was written in a manner that it would be virtually unenforceable because of ambiguities and unsigned notes added by appellee. R.C. 3105.63 states, in part, that, "the separation agreement shall provide for a division of all properties." See Inre Murphy (1983), 10 Ohio App.3d 134, 137.
When a separation agreement fails to disclose all assets, the trial court must reject or modify the separation agreement to equitably divide the marital property. See Bourquev. Bourque (1986), 34 Ohio App.3d 284. Where there are incomplete or inaccurate valuations of property identified in separation agreements that were signed without an accurate evaluation of the value of various properties, the trial court is required to modify the separation agreement to equitably divide the marital property. See Welly v. Welly (1988), 55 Ohio App.3d 111.
The agreement is neither a separation agreement nor is it complete enough to enable the trial court to determine that a fair and equitable property settlement resulted from the parties' agreement. However, since some transfers have been made in accordance with signed notes and executed in part by the parties' own actions, this conduct can be considered in relation to what constitutes a fair and equitable distribution of property as evidence but not as a binding agreement.
Appellant's second assignment of error is sustained.
Appellant thirdly states that the trial court erred and abused its discretion by failing to set forth any evidence that statutory factors were considered in determining that a fair and equitable property settlement resulted from the alleged separation agreement. When a question is raised concerning the validity of a separation agreement, it is the duty of the trial court to inquire into the matter to determine whether the agreement is valid or fair, following statutory guidelines. See Covault v. Covault
(Sept. 24, 1987), Franklin App. No. 87AP-126, unreported. As inCovault, the court herein did not consider the separation agreement in any manner to determine whether the agreement is fair, just and reasonable. The trial court took no evidence as to the value of property, or disposition of matters that were not spelled out in the rough signed notes, or anything else that bore upon the fairness of the agreements. The trial court simply concluded that the parties intended these handwritten notes to be valid and enforceable in any event (and even incorporated them as binding with the unilateral notes of appellee as part of the agreement), stating that anything not decided could provide the basis for a Civ.R. 60(B) motion to modify the judgment.
Appellant's third assignment of error is sustained.
In his fourth assignment of error, appellant alleges that the trial court erred by awarding appellee $2,500 in attorney fees where no need for attorney fees was demonstrated.
The assignment of error is sustained but not on the basis that we find that the trial court abused its discretion had the divorce and disposition of assets been valid otherwise, but on the fact that this issue should be reexamined after the divorce action is properly tried and a judgment is entered disposing of all matters between the parties.
Appellant's fourth assignment of error is sustained.
Appellant's assignments of error are sustained and the judgment of the trial court is reversed. This cause is remanded to the trial court for further proceedings in accordance with this opinion.
PETREE and BROWN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active under authority of Section 6(C), Article IV, Ohio Constitution.