OPINION
{¶ 1} Plaintiff-appellant, Ralph Boston, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying plaintiff's motion for relief from judgment. Because we find no reversible error, we affirm.
 {¶ 2} On December 4, 2000, plaintiff sued defendant, Carrie M. Parks-Boston, for divorce, claiming the parties were incompatible and defendant was guilty of extreme cruelty. Defendant answered and sought dismissal of plaintiff's complaint. Defendant also counterclaimed, seeking divorce, and alleging the parties were incompatible and plaintiff was guilty of gross neglect of duty and extreme cruelty.
 {¶ 3} On October 23, 2001, the parties, through a divorce settlement memorandum, reached agreement concerning spousal support and the division of property. However, according to plaintiff, shortly after agreeing to the settlement, plaintiff contacted his attorney and questioned the equity of the division of assets, specifically the division of the parties' pensions. After plaintiff's attorney obtained a copy of a valuation of defendant's pension from opposing counsel, plaintiff claims he subsequently realized the division of property, to which he had earlier agreed, was inequitable. Consequently, plaintiff requested his attorney to correct the inequity.
 {¶ 4} On December 17, 2001, pursuant to an agreed judgment entry that was made retroactive to October 23, 2001, the trial court granted each party a divorce from the other and terminated the marriage. The trial court further determined spousal support and divided the parties' property, both marital and separate, after finding the parties' October 23, 2001 agreement concerning the division of property was fair and equitable. Plaintiff, through counsel, did not approve the December 17, 2001 agreed judgment entry. According to plaintiff, he was unaware the judgment decree was filed until he sought the advice of new counsel on January 28, 2002.
 {¶ 5} On April 17, 2002, pursuant to Civ.R. 60, plaintiff moved to vacate the trial court's December 17, 2001 judgment, claiming the trial court's judgment did not accurately reflect the terms of the parties' agreement concerning the division of assets; plaintiff also requested an evidentiary hearing and sought a new trial or, alternatively, a redistribution of assets.[1] In a supplemental memorandum filed August 2, 2002, plaintiff clarified he sought relief pursuant to Civ.R. 60(B)(1) and (B)(5).
 {¶ 6} On September 4, 2002, the trial court dismissed plaintiff's motion to vacate and found plaintiff failed to allege suffi cient operative facts to warrant an evidentiary hearing.
 {¶ 7} From the trial court's September 4, 2002 judgment, plain tiff timely appeals and assigns the following errors:
 {¶ 8} "[1.] The trial court abused its discretion in dismissing Plaintiff-Appellant's Motion for Relief from Judgment since appellant met all of the requirements of Civ.R. 60(B) and Local Rule 13.
 {¶ 9} "[2.] The trial court abused its discretion in dismissing Plaintiff-Appellant's Motion for Relief from Judgment without holding an evidentiary hearing since Plaintiff-Appellant had raised a timely and meritorious claim or defense where relief may h ave been granted under Civ.R. 60(B) and Local Rule 13."
 {¶ 10} Because plaintiff's assignments of error are inter related, we jointly address them.
 {¶ 11} A judgment denying a Civ.R. 60(B) motion for relief from judgment is a final appealable order. Colley v. Bazell (1980),64 Ohio St.2d 243, 245. Whether to grant a motion for relief from judgment is entrusted to the discretion of a trial court and, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling. Estate of Orth v. Inman, Franklin App. No. 99AP-504, 2002-Ohio-3728, at ¶ 15, appeal not allowed, 97 Ohio St.3d 1482,2002-Ohio-6866, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77; State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153, reconsideration denied, 80 Ohio St.3d 1472. Moreover, "[a]n abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." State ex rel. Russo at 153, citing State ex rel. Edwards v. Toledo City School Dist. Bd. o f Edn. (1995), 72 Ohio St.3d 106,107.
 {¶ 12} "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, citing Colley, supra, at 249. Furthermore, "Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" Colley at 248, quoting 11 Wright Miller, Federal Practice Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
 {¶ 13} To prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Furthermore, "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 14} Additionally, "if the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. * * * Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." Richard at 151.
 {¶ 15} See, also, Loc.R. 13(C)(3) of the Court of Common Pleas of Franklin County, Domestic Relations Division ("[m]otions requesting relief from judgment which do not involve lack of service or lack of jurisdiction will be reviewed by the court and scheduled for hearing if the materials submitted allege operative facts which, if proven, would warrant relief from judgment. All other motions for relief from judgment will be determined without oral argument").
 {¶ 16} In this case, in denying plaintiff's motion to vacate the judgment, the trial court found both parties, who were represented by counsel at the time the parties entered into a memorandum of agreement, had ample opportunity to conduct discovery. Additionally, the trial court found, prior to the divorce settlement agreement, defendant provided plaintiff, through plaintiff's attorney, with defendant's valuation information. Therefore, imputing to plaintiff any alleged neglect by plaintiff's former counsel to apprise plaintiff of the value of defendant's pension, the trial court concluded plaintiff's allegation of lack of knowledge was attributable to plaintiff's own mistake or inexcusable neglect, not any mutual mistake or excus able neglect.
 {¶ 17} According to Civ.R. 60(B)(1), a party may be relieved from judgment due to "mistake, inadvertence, surprise or excusable negle ct[.]"
 {¶ 18} "The term `excusable neglect' has been called an `elusive concept * * * difficult to define and to apply.' * * * Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring. * * * `Many cases which have found excusable neglect have recognized special or unusual circumstances that justified the neglect of the attorney.' * * * What constitutes `excusable neglect' is determined from all the surrounding facts and circumstances." Stuller v. Price, Frank lin App. No. 02AP-29, 2003-Ohio-583, at ¶ 52.
 {¶ 19} See, also, Kay, supra, at 20 ("we have previously defined `excusable neglect' in the negative and have stated that inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system' "); D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996), 111 Ohio App.3d 134, 138, appeal not allowed, 77 Ohio St.3d 1448 ("there is no bright-line test to determine whether a party's negle ct has been excusable or inexcusable").
 {¶ 20} Here, plaintiff does not assert defendant failed to disclose the valuation of her pension prior to the parties' settlement agreement. Indeed, to the contrary, evidence in the record shows, more than two weeks prior to the parties' October 23, 2001 settlement agreement, defendant's counsel forwarded a copy of an evaluation of defendant's pension to plaintiff's former counsel. (Letter from Mark C. Collins to Joseph D. Reed dated October 4, 2001, attached to defendant's memorandum in opposition to plaintiff's motion to vacate.) Moreover, plaintiff does not contend his former counsel failed to receive the forwarded information about the valuation of defendant's pension prior to settlement negotiations. Therefore, based on evidence in the record, which suggests at the time of the settlement agreement plaintiff's former counsel possessed information about the valuation of defendant's pension, we conclude the trial court properly could find that any alleged neglect by plaintiff's former counsel to apprise plaintiff about the value of defendant's pension could be imputed to plaintiff and, therefore, there was no excusable neglect. See GTE Automatic Elec., Inc. at 146, paragraph four of the syllabus, following Link v. Wabash RR. Co. (1962), 370 U.S. 626, 82 S.Ct. 1386 ("[a]s a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60[B][1]"). See, also, Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 536, appeal not allowed (1998), 81 Ohio St.3d 1515, quoting GTE Automatic Elec., Inc., at 152 ("attorney conduct falling `substantially below what is reasonable under the circu mstances' constitutes inexcusable neglect").
 {¶ 21} Additionally, plaintiff does not deny the trial court's December 17, 2001 agreed judgment entry accurately incorporated the terms of the October 23, 2001 settlement memorandum. See Boston affidavit at 1 ("[t]he Decree does accurately incorporate the terms of the Court Agreement"). Nevertheless, plaintiff seeks relief from judgment due to an alleged inequity in the property settlement. However, notwithstanding plaintiff's claims of inequity, evidence in the record suggests plaintiff, prior to the settlement agreement, failed to arrange for an evaluation of his own pension or for an appraisal of real estate. See Boston affidavit at 2 (stating plaintiff and plaintiff's attorney arranged to have plaintiff's pension evaluated and real estate appraised after settlement agreement reached); copy of letter dated March 4, 2002 from Pension Evaluators (containing information about an evaluation of plaintiff's pension, which is attached to plaintiff's motion to vacate judgment). Because plaintiff apparently failed to determine the value of his own assets prior to agreeing to the settlement terms, plaintiff's omission is contributory to any alleged inequity concerning the division of the parties' property and, consequently, both the settlement agreement and plaintiff's assent to this agreement do not appear to be the consequence of some unexpected or unavoidable mista ke, inadvertence, or surprise.
 {¶ 22} Moreover, because plaintiff admits the trial court's December 17, 2001 agreed entry accurately incorporated the terms of the settlement agreement, and plaintiff does not dispute that defendant disclosed the valuation of her pension prior to the parties' settlement agreement or plaintiff's former counsel received the disclosed valuation of defendant's pension prior to negotiating the settlement agreement, we conclude, under these circumstances, the trial court did not abuse its discretion by finding there was an absence of operative facts[2] that would necessitate an evidentiary hearing. See Richard at 151 ("an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60[B]"); Loc.R. 13(C)(3) (requiring domestic court to schedule a hearing "if the materials submitted allege operative facts which, if proven, would warrant relie f from judgment").
 {¶ 23} Consequently, plaintiff's contention the trial court erred when it denied relief under Civ.R. 60(B)(1) and failed to hold an evidentiary hearing is not well-taken.
 {¶ 24} Also unavailing is plaintiff's contention he is entitled to relief under Civ.R. 60(B)(5), which permits relief from judgment due to "any other reason justifying relief from the judgment." See, also, GTE Automatic Elec., Inc. at 153 ("[t]he grounds for relief in Civ.R. 60(B)(1) through (5) are in the disju nctive").
 {¶ 25} "Civ.R. 60(B)(5) is intended as a catch-all provision and reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. The grounds for invoking this provision should be substantial." Select Machine Tool Co. v. CMH, Inc. (June 11, 1987), Franklin App. No. 86AP-1049, citing Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64.
 {¶ 26} Here, at the time of the settlement agreement, plaintiff agreed to the property division apparently without any prior valuation of his own pension or appraisal of real estate. See Boston affidavit at 2; copy of March 4, 2002 letter from Pension Evaluators. Under these circumstances and given the trial court did not abuse its discretion by denying relief pursuant to Civ.R. 60(B)(1), the trial court properly could have found a lack of substantial grounds to invoke relief under Civ.R. 60(B)(5). See Grieger v. Weatherspoon (Apr. 19, 2002), Erie App. No. E-01-046 ("Ohio courts have consistently refused to apply Civ.R. 60[B][5] in cases involving an attorney's neglect of a matter where relief would not be available pursuant to Civ.R. 60[B][1]"); Select Machine Tool Co., supra ("[a]ppellants' Civ.R. 60(B) motion may be timely and their defense may be meritorious, however, the excusable neglect they allege on behalf of their attorney cannot be the basis of granting the motion under Civ.R. 60(B)(5) when it is not proper under Civ.R. 60[B][1]"). Consequently, under these circumstances, we conclude the trial court did not abuse its discr etion by denying relief to plaintiff under Civ.R. 60(B)(5).
 {¶ 27} Furthermore, plaintiff's reliance on Zulli v. Zulli (Jan. 9, 1992), Cuyahoga App. No. 61702; In re Murphy (1983), 10 Ohio App.3d 134; and DeCurtins v. DeCurtins (June 16, 1993), Miami App. No. 92 CA 2, is not persuasive.
 {¶ 28} In Zulli, which concerned whether a trial court abused its discretion in granting a motion for relief from judgment, money from a previously undisclosed profit-sharing plan was discovered after the appellant filed a motion to modify spousal support following the parties' divorce. Zulli, however, is distinguishable because, as discussed above, in this case there is no nondisclosure of financial information as defendant had disclosed the valuation of her pension prior to the parties' settl ement agreement.
 {¶ 29} Additionally, plaintiff's reliance on In re Murphy is inapposite. In Murphy, the First District Court of Appeals held omissions from a dissolution decree rendered it voidable upon a Civ.R. 60(B)(5) motion because "the fatal defect [was] noncompliance with the empowering statute." Id. at 138. See, also, Miller v. Miller (Sept. 17, 1999), Hamilton App. No. C-980892 (discussion of Murphy). Later, however, in Miller, supra, the First District Court of Appeals distinguished Murphy and observed "this case [Miller] does not involve a dissolution of marriage, which was an integral part of our decision in Murphy. While agreement is an essential statutory element allowing the court to grant a decree of dissolution, it is not required in a divorce case where the court may decide the property division and other issues." Here, the present case concerns a divorce, not a dissolution, and, finding the Miller court's reasoning persuasive, we conclude Miller does not require a reversal under the facts and circu mstances of this case.
 {¶ 30} Finally, DeCurtins is also factually distinguishable because it concerned a mathematical error that was read into the record, which constituted mistake, inadvertence or excusable neglect for purposes of invoking Civ.R. 60(B)(1). Such an error is no t at issue here.
 {¶ 31} For the foregoing reasons, both of plaintiff's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relat ions, is affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.
[1] On April 18, 2002, plaintiff filed an amended memorandum in support of plaintiff's motion to vacate to correct a typographical error.
[2] See, e.g., Ali v. Rutgers (2000), 166 N.J. 280, 286, 765 A.2d 714
("[t]he term `operative facts' * * * signifies events or facts relevant to a cause of action"). See, also, Black's Law Dictionary (7 Ed. 1999) 611 (defining "operative fact" as "[a] fact that affects an existing legal relation, esp. a legal claim").